### STATE LIFE INS. CO. v. COFFRINI.

(Circuit Court of Appeals, Third Circuit.   December 8, 1922.)

#### No. 2896.

Insurance ☞587—Payment to improper person no defense to recovery by widow, after change of beneficiaries while insane.

Where a life insurance policy was originally made payable to the widow, but the beneficiary was subsequently changed to the estate, and thereafter an attempt made to change again to the brothers of insured, payments of the amount of the policy by a loan to insured and remittance of the balance to the brothers is no defense to recovery by the widow, where the insurance company failed to offer competent evidence of an application for the loan, or of the second change of beneficiaries, and the widow established that the first change of beneficiary was made while insured was insane.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Action at law by Leona Coffrini against the State Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Alvin A. Morris and Morris, Walker & Boyle, all of Pittsburgh, Pa., for plaintiff in error.

Charles A. O'Brien, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.   In the court below, Leona Coffrini, a citizen and subject of Italy, brought suit against the defendant insurance company on a policy issued by it on the life of her deceased husband and by which she was made his beneficiary.   The insurance company conceded its liability under the policy had accrued, but averred, first, that it had discharged such liability by advancing by loan to the insured in his lifetime $1,500, and the remaining $3,500 it had paid to Edward Coffrini and Julius I. Coffrini, whom he had subsequently named as his beneficiaries; and, second, that, even if these facts be not established, the right of action under the policy was not in the plaintiff, but in the estate of the insured.

On the trial the plaintiff gave in evidence the undisputed averments of her claim, which established the fact of the issuance of the policy, the naming of her as beneficiary, the death of insured, and the fur-

nishing of proofs of death to the company, and rested her case. Thereupon the insurance company moved for a nonsuit on the ground the plaintiff had failed to show any interest in herself at the time of the death of the insured. This motion the court refused. Thereupon the defendant gave in evidence that, in accordance with the terms of the policy, an indorsement had been made thereon evidencing a change of beneficiary from the insured's wife to his estate. At this point we note, that the company averred that subsequently thereto the insured had obtained a loan or advance of $1,500 on his policy; that he had thereafter again changed beneficiaries, to wit, from his estate to his two brothers, Edward Coffrini and Julius I. Coffrini, to whom the insurance company had paid the remaining $3,500. On the trial, however, the company was unable to show a compliance with the terms of the policy in making the alleged advance to the insured, or in again changing his beneficiaries to Edward and Julius I. Coffrini, and its tendered proofs in support thereof were ruled out. This left the status of the case as follows: First, the wife had made out a prima facie case; second, the company had met and overcome such prima facies, and shown its right to a verdict by showing a change of beneficiary from the wife to the estate.

To meet this, the wife then sought to show, was allowed to show, and the jury found, that at the time of said change of beneficiary by the insured he was insane. Confronted by this situation, the course the court followed is best stated in its own language on a motion for a new trial, viz.:

"The course of the trial followed closely the lines of pleadings, and very properly so. Clearly, when the plaintiff showed the issuance of the policy, that she was named as beneficiary, the death, the proofs of death, the demand for payment, and the refusal, she made out a prima facie case upon which she could safely rest. These facts were admitted, and such admissions in the affidavit of defense were properly offered by the plaintiff in evidence. She also offered the policy, which it was not legally necessary to do, as the facts of her prima facie case were not controverted. It was urged with great zeal at the trial that the policy contained certain indorsements by the company, showing a change of beneficiary, and that these constituted proof by the plaintiff that the beneficiary had been changed, and that therefore she could not recover. The contract of insurance was offered in evidence, not the subsequent indorsements made thereon. These latter were the acts of the company, not the acts of the insured. Whether they were valid or invalid, effective or ineffective to work a change in the beneficiary, depended upon the important antecedent fact, whether the indorsements were made after written request by the insured for a change of beneficiary. If such written request was made, the company, not the plaintiff, had knowledge of the fact, and had the evidence of it in its possession. Beyond question, if the company seeks to avoid payment to the party named in its contract of insurance, it must prove the written request for the change and concurrence of the company by indorsement on the policy. In other words, the burden of proof shifted on the defendant, and just here is where the defendant failed. If proved, in a manner sufficient to go to the jury, a request by the insured that the beneficiary be changed from his wife to his estate. But, although full opportunity was given defendant to make proof of the loan to the insured, and the second change of beneficiary from the estate to the brothers, and the payment of the policy in accordance with such change, no legal evidence whatever was offered of these vital and controlling facts. There was no legal evidence of any kind that Louis Coffrini signed the application for the alleged loan, that he received the money thereon or any part of it, that he signed any

written notice for the second change of beneficiary, or had any knowledge of such change. The case then stood with proof sufficient to go to the jury of a change of beneficiary from the wife to the estate, and nothing more. Standing alone, this shifted again the burden on the plaintiff to show that the act of Coffrini in making the alleged change was void by reason of insanity. This the plaintiff did to the satisfaction of the jury and to the complete satisfaction of the court. A case of insanity of unusual severity was made, part of the time the insured being chained to his bed in the asylum. These facts, if believed, should and did render void every act of the insured during the sway of insanity, which would have deprived him or his family of their legal rights. The law of the case is not difficult. As I ruled at the trial, if the insured was insane when a change of beneficiary was made by him, and the insurer, without notice of such insanity, acted in good faith upon the paper as genuine, indorsed the policy accordingly, and on his death, still in ignorance of his insanity, paid the money in good faith to the beneficiary as changed, the company would have been protected. But here there is evidence only of the change from the wife to the estate, and no loan or payment by the company on the policy, and hence, if the insured was insane at the time the change was made, such change is simply void, and the policy stands as the parties originally made it."

In accordance with this view the court had previously charged the jury.

"The only legal evidence before the jury is the fact that you have in evidence, in connection with the testimony, this Exhibit B, whereby there was an apparent change of beneficiary from Leona Coffrini to Louis Coffrini's estate. Now, if there was nothing else in the case, then the defendant would have met the burden of proof, and I would say to you, if, acting upon this paper, you found it was the paper of Coffrini, and, acting upon it, the defendant had paid the policy, then the plaintiff would not have been entitled to recover, even if Coffrini was insane. Because the presumption of sanity, if defendant had no notice of it, would continue, and if they acted in good faith, and in the belief that he was sane and parted with their money, then the original beneficiary would lose. But that is not this case. Here, as the testimony stands, there is no payment of the policy to any party legally entitled to receive it. Therefore it stands simply as a change of beneficiary. Presumptively the company would stand ready to pay whoever is entitled to receive it. That would defeat the plaintiff, except for the fact that she knows that that act, even if it was an act of Louis Coffrini, is wholly void by reason of his insanity."

We find no error in the court's course. As the case stood under the proofs, there was an unpaid liability on the part of the company for it had wholly failed to show a satisfaction of that liability by payment to any lawful claimant thereof, so that the case simply resolved itself into a question of the respective rights of the two beneficiaries, namely, the widow and the estate. If, as the jury found, the estate was named as his beneficiary when the insured was insane, then, under the contract as originally made, the widow remained his beneficiary, and her right to recover was shown, and the court, under the particular facts of this case, committed no error in so holding.

The judgment is therefore affirmed.