W. Alden Parry *vs.* Robert A. Parry, guardian, &
others.

Middlesex.     April 5, 1944. — September 12, 1944.

Present: Field, C.J., Lummus, Qua, Dolan, & Wilkins, JJ.

*Insane Person. Contract,* Annuity contract. *Probate Court,* Jurisdiction,
     Insane person, Petition, Demurrer, Parties. *Guardian,* Of insane
     person.

The Probate Court had jurisdiction under G. L. (Ter. Ed.) c. 201, § 45,
     of a petition by the annuitant in an annuity contract, against one
     appointed his guardian as an insane person and all persons named as
     beneficiaries in the contract, seeking an order directing the guardian
     to exercise an option, given in the contract to the annuitant, to change
     the beneficiaries therein.
Although a petition in a Probate Court was phrased as in equity and one
     ground of a demurrer was that it did not state a case for equitable
     relief, its character disclosed that it was in essence a proceeding under
     G. L. (Ter. Ed.) c. 201, § 45, and such ground of demurrer was not
     tenable where the petition stated a proper case for relief under that
     statute.
A petition in a Probate Court against a guardian of an insane person,
     annuitant under an annuity contract, substantially stating a case for
     and seeking relief under G. L. (Ter. Ed.) c. 201, § 45, by having the
     guardian directed to make a change of beneficiaries under an option
     given the annuitant in the contract, was not demurrable on the ground
     that it also contained allegations that the annuitant himself had
     executed a change of beneficiaries at a time when, although under the
     guardianship, he was mentally competent to do so, and a prayer for a
     determination of his mental capacity at that time and of the validity
     of his act.
An insane person under guardianship, annuitant under an annuity con-
     tract purchased by him before the guardianship, was not precluded by
     the existence of the guardianship from himself maintaining a petition
     under G. L. (Ter. Ed.) c. 201, § 45, seeking to have the guardian di-
     rected to make a change of beneficiaries under an option given to the
     annuitant in the contract.
A demurrer to a petition against the guardian of an insane person and
     others, brought under G. L. (Ter. Ed.) c. 201, § 45, by the insane ward
     himself, could not be sustained on the ground that the petition should
     have been brought by a next friend, where that ground was not set out
     in the demurrer.
A company which had issued an annuity contract to one later placed under
     guardianship as an insane person was not a necessary party to a pro-
     ceeding by the insane annuitant against the guardian under G. L.

(Ter. Ed.) c. 201, § 45, in which those named as beneficiaries in the contract were respondents, to require the guardian to make a change of beneficiaries under an option given the annuitant in the contract; and there was no error in the dismissal of the proceeding as to the company.

PETITION, filed in the Probate Court for the county of Middlesex on March 8, 1940.

Demurrers were heard and sustained by *Leggat,* J., who reserved and reported the case under G. L. (Ter. Ed.) c. 215, § 13.

*R. H. Peacock,* (*H. L. Barrett* with him,) for the petitioner.

*W. I. Badger, Jr.,* for the respondent The Travelers Insurance Company.

*G. A. McLaughlin,* for the respondent Robert A. Parry, guardian.

DOLAN, J. This is a report by a judge of a Probate Court of his action in sustaining demurrers to the petition of W. Alden Parry, and in entering a decree dismissing the petition as to the respondent insurance company. See G. L. (Ter. Ed.) c. 215, § 13.

Material allegations of the petition may be summed up as follows: On January 23, 1934, the respondent Robert A. Parry and another, who has since resigned, were appointed guardians of the petitioner as an insane person. On or about November 22, 1933, the petitioner had purchased from the respondent The Travelers Insurance Company a written annuity contract, paying therefor $25,000. The beneficiaries designated in the contract, other than the petitioner as annuitant, were Robert E. Parry, John E. Parry, Susan E. Parry and Margaret P. Chapman, cousins, "in equal shares and to the survivors or survivor of them." (These persons were made parties respondent by amendment allowed by the judge.) Shortly after the appointment of the guardians of the petitioner he was compelled to deliver to the respondent Robert A. Parry as guardian the annuity contract, and the latter has retained possession of it ever since. Under the terms and conditions of the contract, the petitioner subject to the right of an assignee has the right to execute a change of beneficiaries at any time during the continuance of the contract to take effect only when such change shall have

been approved in writing by the respondent insurance company. No assignment of the contract was ever executed, and no person except the respondent guardian has acquired any interest in or to the annuities payable under the contract. Under the terms of the contract, which is incorporated in the petition by reference, if the petitioner should die before receiving all the payments provided for in the contract, the remainder thereof, commuted into one sum on the basis of compound interest at the rate of four per cent per annum, is payable to the beneficiaries as hereinbefore set forth. The petitioner further alleges that he wishes to execute a change of beneficiaries by striking out those now named in the contract; that in order to do so it is necessary for him to cause the contract to be delivered to the insurance company together with an appropriate document to be signed by him and by his guardian; that he (the petitioner) is "mentally competent at almost all times, if not at all times, to execute said change of beneficiaries"; that he has executed such a change (on June 15, 1937) when he was mentally competent to do so; and is willing to execute any further paper or document that may be necessary or proper for that purpose "at any time when he is mentally competent"; that he has requested his guardian to deliver the contract to the insurance company and to sign such documents as may be necessary to effect the change of beneficiaries, but he refuses to do so; and that he has requested the respondent insurance company to approve the change of beneficiaries in writing and to permit him to effect the change, but that it refuses to do so "except by order of the court." The prayers of the petition are (1) for a determination that the petitioner was mentally competent to execute the change of beneficiaries at the time of signing the request and that his act in so doing is legally valid and effective, (2) that his guardian be ordered to deliver the contract to the insurance company and to sign such papers as may be necessary or proper to put into legal effect the change of beneficiaries, (3) that the insurance company be ordered to approve in writing the change of beneficiaries, and (4) for such further relief as may seem meet and proper.

The guardian, the respondents Robert E. Parry and John E. Parry, and the insurance company demurred to the petition. The grounds assigned in each of the demurrers were identical. They follow: (1) That the petition does not state a ground for equitable relief. 2. That on the matters set forth in the petition, the relief sought in the first prayer is not within the power of the court to grant. 3. That while the petitioner remains under guardianship, it is not within the power of the court to declare him legally sane and mentally competent at any particular time, without discharging the guardianship. On September 30, 1941, the judge entered interlocutory decrees sustaining the demurrers and the petitioner appealed on October 15, 1941. On May 23, 1942, the insurance company filed a motion for the dismissal of the petition as to it on the ground that the decree sustaining its demurrer on September 30, 1941, determined the rights of the petitioner against it, and that the petitioner filed a claim of appeal from that decree on October 18 (*sic*), 1941, but had failed to prosecute his appeal under the provisions of the statute. On March 26, 1943, the judge entered a decree dismissing the petition as to the insurance company. There is nothing to show that in so doing he was acting upon the motion of the company for dismissal of the petition or upon the grounds therein set forth. The petitioner seasonably appealed from the decree dismissing the petition as to the company. Subsequently the respondents Chapman and Susan E. Parry filed answers to the petition, apparently by leave of the judge.

The Probate Court had jurisdiction of the subject matter of the petition. General Laws (Ter. Ed.) c. 201, § 45, provides, so far as here material, that "if a power is vested in an insane person for his own benefit, or his consent is required for the exercise of any power where the power of consent is in the nature of a beneficial interest in himself, his guardian may, by order of the probate court, made after notice to such persons, if any, as the court shall deem proper, exercise the power or give the consent in such manner as shall be authorized or directed by the order." This provision of § 45 was first enacted by St. 1918, c. 68, § 4,

doubtless because after an adjudication of his insanity by the appointment of a guardian an insane person would be powerless to make any binding agreement in relation to his property while that status continued (see *Wait* v. *Maxwell,* 5 Pick. 217, 220; *Leonard* v. *Leonard,* 14 Pick. 280, 283–284; *Leggate* v. *Clark,* 111 Mass. 308, 310; *Talbot* v. *Chamberlain,* 149 Mass. 57, 59; *Willwerth* v. *Leonard,* 156 Mass. 277, 279), and it was deemed desirable for the protection of the ward that the right of a guardian to exercise an election or waiver in behalf of the ward (R. L. c. 145, § 33) should be exercised only upon approval by the Probate Court. Exceptional cases relating to the power of a person under guardianship as insane to make a will are distinguishable from contracts and other acts to be done inter vivos. *Breed* v. *Pratt,* 18 Pick. 115, 116. See *Claffey* v. *Fenelon,* 263 Mass. 427, 432; *Daly* v. *Hussey,* 275 Mass. 28, 29; *Simoneau* v. *O'Brien,* 311 Mass. 68, 73–74. With respect to contracts with one adjudicated to be an insane person the law deems the insanity to continue while the adjudication is in force. *Carter* v. *Beckwith,* 128 N. Y. 312, 316. *Matter of Long,* 261 App. Div. (N. Y.) 456, 458. See *Hoff* v. *State,* 279 N. Y. 490, 494. As to the incapacity of an insane person to enter into a contract of marriage, see G. L. (Ter. Ed.) c. 207, § 5. See also, with respect to the nature of the right reserved to change the beneficiaries in the manner prescribed by the contract, *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174, 177. And it has been held that one who has been adjudicated to be an insane person cannot change the beneficiary while the adjudication is in force as against the one designated in the contract of insurance. *Sluder* v. *National Americans,* 101 Kans. 320, 323. *Woodmen of the World* v. *Broadwell,* 114 Mo. App. 471, 479. See *Southern Tier Masonic Relief Association* v. *Laudenbach,* 5 N. Y. Sup. 901, 904, 905; *State Life Ins. Co.* v. *Coffrini,* 285 Fed. 560, 561, 562; and cases cited in 105 Am. L. R. 951–956.

The Probate Court had full jurisdiction under § 45 in a proper case (see *Dolbeare* v. *Bowser,* 254 Mass. 57) to authorize or direct the guardian of the petitioner to exercise the option reserved by the petitioner to change the benefi-

ciaries named in the contract. The guardian and all the persons who would be affected by the change had due notice of the proceeding as required by § 45 and appeared and pleaded by way of demurrer or answer. While the first ground of each demurrer was that the petition does not state a ground for equitable relief, and the petition was phrased as if in equity, in essence it was a proceeding under the statute above referred to whereunder a statutory jurisdiction was created. The "character of a pleading or other paper filed in a cause is to be determined from its essential substance and not from its descriptive title or name." *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 328, and cases cited. *Beaman-Marvell Co.* v. *Marvell*, 305 Mass. 246, 247. We are of opinion that the allegations of the petition stated a case for determination on the merits and that the first ground of demurrer could not be sustained properly. What we have said disposes also of the second ground of demurrer.

The answer to the third ground of demurrer, to wit, that while the petitioner remains under guardianship it is not within the power of the Probate Court to declare him legally sane and mentally competent at any particular time without discharging the guardianship, is that in the consideration and disposition of the petition the judge would not be obliged to make such determination, that the provisions of § 45 to which we have referred above are operative only where the person having the right to exercise the power is under guardianship as an insane person, and that the sole question in a proceeding thereunder is whether the power shall be authorized or directed to be exercised by the guardian. It is true that one of the prayers of the petition was that the judge determine that the petitioner was mentally competent at the time of signing a request for change of beneficiaries (in 1937) and that his act in doing so was legally valid and effective. Ordinarily, however, "the allegations of fact in the stating part of the bill, and not the special prayers, determine, upon a demurrer . . . , whether 'a case for relief is stated, for by our statute a prayer for general relief is in legal effect a part of every

bill.' "A plaintiff may obtain any relief consistent with the nature of his case, under the prayer for general relief, [though] 'no relief can be given upon it that is inconsistent with the special relief prayed.'" *Bleck v. East Boston Co.* 302 Mass. 127, 130–131, and cases cited. Assuming that the prayer just referred to was beyond the authority of the judge to grant, that was not the only special relief prayed for, and the other special prayers are, in substance, that the guardian be ordered by the Probate Court to exercise the right reserved in the contract to change the beneficiaries. Allegations of the petition respecting the prior execution of notice of change of beneficiaries by the petitioner and of his mental competency at the time of its execution while he was under guardianship as an insane person and at almost all times may be disregarded as superfluous (if not as erroneous conclusions of law). The gist of the allegations is that the petitioner is under the guardianship of the respondent Robert A. Parry as an insane person, that the petitioner entered into an annuity contract with the respondent insurance company wherein he reserved the right to change the beneficiaries named therein by a notice in writing, and that the guardian refuses to act to that end, and the gist of the second special prayer is that the guardian be directed to sign such papers and documents as may be necessary and proper to put into legal effect the change of beneficiaries. The consideration of the petition by the court below under § 45 would be consistent with the nature of the case presented by the material allegations of the petition and not inconsistent with the second special prayer.

The respondent guardian, however, has argued that the petition cannot be begun and maintained by the petitioner without appointment or designation of a next friend by the Probate Court and that it is incompatible with the existence of the guardianship to permit the petitioner to maintain this action against his guardian. Taking up the latter contention first, we are of opinion that it is not sound. To sustain it would mean that a guardian simply by refusing to apply for leave to exercise a power of consent in the nature of a bene-

ficial interest in the ward could effectively defeat the purpose of the statute (§ 45) to protect the interests of the ward who was incapable of acting in his own behalf. There would be no relief under the statute in case of mistaken judgment on the part of the guardian or adverse interest of the guardian. The statute does not provide that it shall be exercised only on the petition of the guardian. The statute speaks not only of authorization but also of direction. The determination by the court upon the petition of a next friend of whether the interests of the ward would be served by the exercise of the reserved right in the name and in behalf of the ward might be essential to give effect to the purpose of the statute. That question could be adjudicated only upon a hearing on the merits. The first contention of the guardian referred to just above was not raised by the demurrer and is not now open. *Jaha* v. *Belleg,* 105 Mass. 208. *Smith* v. *Carney,* 127 Mass. 179, 180, 181. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 30, 31.

There is no good reason why the issue presented by the petition should be tried, in effect, collaterally by proceedings for discharge from guardianship or for the removal of the guardian rather than directly in the manner prescribed by the statute for the determination of the real question involved.

There was no error in dismissing the petition as to the respondent insurance company. It is not a necessary party to the proceeding, and the final disposition of the petition one way or the other will not prejudice it. In substance the remedy sought is for an order to the guardian to exercise the right reserved under the annuity contract to change the beneficiaries. It is to be assumed that any order to that effect which may be made finally will dispose of the matter in a manner that cannot prejudice the insurance company which stands in a position analogous to that of a stakeholder. That is the position taken now by the insurance company in its brief, since all the beneficiaries named in the contract are parties to the proceeding and are in a position to maintain their rights as named beneficiaries.

It follows from what we have said that the interlocutory

decrees sustaining the demurrers should be reversed and interlocutory decrees should be entered overruling the demurrers, and that the decree dismissing the bill as against The Travelers Insurance Company should be affirmed. It is

*So ordered.*

JOSEPH H. HIGGINS *vs.* ERNEST W. PRATT.

Worcester. April 5, 1944. — September 12, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Malicious Prosecution. Probable Cause. Practice, Civil,* Exceptions: what questions open; Requests, rulings, and instructions. *Evidence,* Presumptions and burden of proof, Relevancy and materiality. *Witness,* Cross-examination.

The mere fact that a defendant, who, following the charge to the jury, alleged exceptions to refusals to give certain rulings, requested by him before the charge was given, did not also except to portions of the charge inconsistent with such requested rulings, did not preclude him from relying in this court on the exceptions so saved.

The burden is upon the plaintiff in an action for malicious prosecution for an alleged crime to prove by affirmative evidence that, irrespective of the actual state of facts, there was absent from the mind of the defendant when he charged the crime such an honest and reasonable belief as to the facts as would lead a man of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the plaintiff was guilty as charged.

At the trial of an action for malicious prosecution of the plaintiff for conduct alleged to be in violation of §§ 34 and 34A of G. L. (Ter. Ed.) c. 55, in connection with an election in a town, requests by the defendant for rulings, in effect that the defendant had probable cause to believe that the crime had been committed unless at the time he made the charge he "knew in fact that" such sections "did not apply to towns of less than ten thousand population," properly were refused, and a motion that a verdict be ordered for the defendant properly was denied where the defendant relied on a defence that in making the charge he followed advice of counsel and it appeared that he knew that the town in question had a population of less than ten thousand and there was evidence raising an issue for the jury whether he made a full and honest disclosure of facts to his counsel and honestly followed the advice given.

A request, by the defendant at the trial of an action for malicious prosecution, for a ruling respecting the issue whether the defendant had probable cause to believe the plaintiff guilty as charged, in substance