THEODORE N. PHELPS & others *vs.* STATE STREET TRUST COMPANY, trustee, & others.

Suffolk. October 9, 1953. — November 5, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Trust,* Express trust: amendment. *Acknowledgment. Probate Court,* Costs.

A provision of an instrument of trust reserving to the settlor the right to amend the trust by an "acknowledged" writing meant that the settlor must acknowledge the writing before an officer authorized by law to take acknowledgments of other writings.

Under an instrument of trust reserving to the settlor the right to amend the trust by an acknowledged writing delivered to the trustees and effective only when consented to by them, the requirement of acknowledgment was not wholly for the benefit of the trustees and could not be waived by them, so that purported amendments not acknowledged by the settlor were invalid although accepted by the trustees.

Seemingly large allowances to counsel and to a guardian ad litem to be paid out of the principal of a trust in a proceeding in a Probate Court for a declaratory decree respecting certain trust matters could not be pronounced excessive by this court where the value of the trust estate did not appear.

PETITION in equity for a declaratory decree, filed in the Probate Court for the county of Suffolk on May 8, 1952.

The case was heard by *Wilson,* J.

In this court the case was submitted on briefs.

*George A. Goldstein,* for the respondents Norman P. Phelps and another.

*Ely H. Chayet & Andrew G. Geishecker,* for the petitioners.

*Richard S. Bowers,* guardian ad litem, pro se.

LUMMUS, J.  Jessie Allen Phelps, on January 16, 1942, established a trust fund to be held by trustees, of whom the respondent State Street Trust Company is now the sole remaining trustee.  The petitioners are all the beneficiaries under that trust, with the exceptions of Norman P. Phelps, the husband, and Helen Phelps Olmstead, the daughter, of the settlor, who are respondents.  The twelfth paragraph of the trust instrument was in part as follows: "I reserve the right at any time or times to amend or revoke this trust in whole or in part by an instrument in writing acknowledged and delivered to the trustees."  That paragraph also provided that "any amendment or any partial revocation shall take effect only when consented to in writing by the trustees."

Purported amendments were made on February 12, 1942, March 2, 1942, and May 14, 1943, which were accepted by the trustees but were not acknowledged by the settlor.  On October 9, 1947, a further amendment was made which was accepted by the trustees but was not acknowledged by the settlor.  An amendment was made on July 3, 1944, which was both accepted by the trustees and acknowledged by the settlor.  The petition prays for a determination of the validity of the amendments and of the rights of the petitioners.

The law of Massachusetts is plain that a valid trust, once created, cannot be revoked or altered except by the exercise of a reserved power to do so, which must be exercised in strict conformity to its terms.  *Viney* v. *Abbott*, 109 Mass. 300.  *Leahy* v. *Old Colony Trust Co.* 326 Mass. 49, 52, and cases cited.  Scott, Trusts (1939), § 330.8.  We think that the requirement of acknowledgment meant that the settlor must acknowledge the instrument making the alteration before a public officer authorized by law to take acknowledgments of other writings.  G. L. (Ter. Ed.) c. 4, § 6, Sixth; c. 183, §§ 29, 30.  *McOuatt* v. *McOuatt*, 320 Mass. 410, 415.  And we think that the requirement of acknowledgment was not wholly for the benefit of the trustees, and that it could not be waived by them.

The result is that the Probate Court was right in its

decree that the amendment of July 3, 1944, was the only valid amendment of the trust instrument.

The decree allowed costs and expenses to be paid out of the principal of the trust as follows: to counsel for the petitioners, $4,000; to counsel for the individual respondents, $1,500; to counsel for the State Street Trust Company, $1,000; and to a guardian ad litem, $1,200; making a total of costs and expenses amounting to $7,700. Since there was no dispute of fact, and the questions of law involved are comparatively simple, the total seems large. Some of the beneficiaries object to the allowance. But the record contains no statement of the value of the trust estate. Without knowing its value, we cannot say that the amounts allowed were excessive. *Lewis* v. *National Shawmut Bank*, 303 Mass. 187.

*Decree affirmed.*