JAMES J. MINNEHAN, conservator, *vs.* JOHN MINNEHAN.

Middlesex.    October 9, 1957. — January 22, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Conservator.    Joint Tenants.    Real Property,* Partition, Joint tenancy.

Petitions by a conservator for licenses to sell his ward's interest in real
estate for the purpose of investment or maintenance were properly
denied following the death of the ward. [670]

The mere commencement of a partition proceeding by a joint tenant does
not work a severance of the tenancy. [671]

There was no error in the dismissal by a Probate Court, after the death of
a ward, of a petition previously filed by his son as his conservator for
partition and sale of the home occupied by the ward, which had been
purchased by him and another son through equal contributions and
was held by them as joint tenants, where it appeared that the petitioner
was the sole beneficiary under the ward's will and that when the petition
was filed there was no immediate necessity to provide funds for the
ward's maintenance and the petitioner had cause to anticipate the
ward's early death, and the trial judge was justified in concluding
that the petitioner was acting not for the ward's best interests but only
for his own selfish interests. [671]

PETITIONS, filed in the Probate Court for the county of
Middlesex on February 20, 1956, March 22, 1956, and
April 6, 1956.

The case was heard by *Monahan,* J.

*Maurice Palais,* for the petitioner, submitted a brief.

*Mark J. Dalton,* for the respondent.

WILLIAMS, J.    These are appeals by James J. Minnehan,
a son of John C. Minnehan, late of Medford, from decrees
of the Middlesex Probate Court dismissing three petitions,
hereinafter to be described, filed by him as conservator of
his father's property.    Material facts voluntarily reported
by the trial judge are as follows.    The petitioner was ap-
pointed conservator on October 15, 1954, because of his
father's advanced age and mental weakness.    G. L. (Ter.

Ed.) c. 201, § 1, as amended by St. 1945, c. 728, § 1.  The ward's property comprised personal estate valued at $9,536.55, and real estate valued at $5,000.  The real estate consisted of an undivided one-half interest in a house and land on Hunnewell Avenue, Medford, purchased jointly by the ward and his other son, John, in 1952 for $10,000, of which sum $5,000 was contributed by each, and held by the purchasers in joint tenancy.  The purchase was made for the purpose of providing a home for the father and his wife, the mother of the petitioner and his brother. Previously the father had transferred to the petitioner 200 of the outstanding shares of J. J. Minnehan Co., Inc., a successful trucking business of which the petitioner already owned the remaining 400 shares.  The value of the 200 shares was $19,000.  In return for the transfer the petitioner agreed orally to "support and maintain" his father and mother for their lives.  The mother died first and the father made the house his home until his death on April 14, 1956.  On February 20, 1956, the petitioner as conservator filed a petition for a license to sell the interest of his ward in the Medford house and land for $5,000 for the purpose of investing the proceeds of the sale.  The petition was returnable on March 12, and after an informal discussion with the judge on March 21, at which time counsel for the other son, John, stated that the ward was dying and that his death was expected shortly, the petition was continued for about three months for hearing.  On the following day the petitioner filed a second petition as conservator for license to sell the same real estate for $5,000 for the purpose of his ward's maintenance.  This petition was returnable on April 16.

On April 6 the petitioner filed a petition in the name of his ward returnable on April 30 for the partition of the real estate and for its sale at a price of not less than $10,000. On April 17, having been appointed special administrator of the father's estate, he filed a suggestion of the latter's death.  On April 20 he offered for probate his father's will, in which he was named executor and sole beneficiary.

On May 18 he moved that a decree nunc pro tunc be entered on the petition of February 20, as of a date prior to April 14. This motion was denied, and at the same time the judge entered decrees dismissing all three petitions. He found that, "upon the death of the ward, the entire fee to the property vested in the coöwner, John Minnehan," and that the conservator was acting not for the best interests of the ward but only for his own selfish interests.

A conservator, like a guardian, has only the care and management of his ward's estate, and title to it, whether consisting of real or personal property, never vests in him but remains in the ward. On the death of the ward his authority to manage the property ends and his only remaining duty is to settle his accounts and turn over the property in his possession to the person rightfully entitled. *Richmond* v. *Adams National Bank*, 152 Mass. 359, 364. *Brock* v. *Rogers*, 184 Mass. 545, 546. *Day* v. *Old Colony Trust Co.* 228 Mass. 225, 228. See *Loring* v. *Alline*, 9 Cush. 68, 70; *Chapin* v. *Livermore*, 13 Gray, 561, 562; *Rollins* v. *Marsh*, 128 Mass. 116, 118; *Harding* v. *Weld*, 128 Mass. 587, 591; *Sullivan* v. *Lloyd*, 221 Mass. 108, 111. After the death of the ward the petitioner had no authority to sell the ward's interest in the real estate for the purpose of investing its proceeds or of using them for the ward's maintenance, and his petitions for licenses to sell were properly denied.

The petitioner contends that a petition for partition stands on a different footing. He urges that the ward could petition for such partition as a matter of right (see G. L. [Ter. Ed.] c. 241, § 1); that he as conservator could upon petition make partition "as fully and in like manner as the ward could do if he were under no disability," G. L. (Ter. Ed.) c. 201, § 39; and that the death of the ward having been made known to the court during the partition proceedings, "the share or portion formerly belonging to him may be assigned or set off in his name to be held and disposed of as if the partition had been made prior to his decease." G. L. (Ter. Ed.) c. 241, § 26.

It is unnecessary to decide whether the statute last cited

is intended to apply where the interest of the ward for whom the petition is brought is that of a joint tenant and where upon his death the entire title is vested in his cotenant. *Attorney General* v. *Clark*, 222 Mass. 291. *Weaver* v. *New Bedford*, 335 Mass. 644. See *Corcoran* v. *S. S. Kresge Co.* 313 Mass. 299, 303. The mere institution by a joint tenant of partition proceedings does not work a severance of the tenancy. *Dando* v. *Dando*, 37 Cal. App. (2d) 371. *Ellison* v. *Murphy*, 128 Misc. (N. Y.) 471. It is implicit in the law of guardianship that authority of a conservator to deal with the property of a ward extends only to such acts as are for the benefit or advantage of the ward. Unless necessary for the ward's maintenance he cannot vary or change the ward's property so as to affect any alteration in its succession. *Dolbeare* v. *Bowser*, 254 Mass. 57, 61. *Witherington* v. *Nickerson*, 256 Mass. 351, 355–357. *Johnson* v. *Nourse*, 258 Mass. 417, 420. The petitioner was an heir and the sole devisee of his ward. If he should prevail in his petition for partition the size of the estate which thereupon he stood to inherit would be substantially increased. It could be found that the petition was filed when there was no immediate necessity to provide additional funds for the ward's comfortable maintenance and when the petitioner had cause to anticipate his early death. The property to be partitioned was that which the ward had purchased and occupied for his home. It cannot be ruled that the judge was not justified in finding that the petitioner was acting only for his own selfish interests and not for the best interests of the ward. See *Dolbeare* v. *Bowser, supra*. There was no error in dismissing the petition.

*Decrees affirmed.*