TERRENCE J. GEOGHEGAN *vs.* ALEXANDER E. CLAY & another, executors, & another.

Plymouth. April 6, 1972. — June 5, 1972.

Present: TAURO, C.J., SPIEGEL, BRAUCHER, & HENNESSEY, JJ.

*Conservator. Real Property,* License to sell, Property of ward.

A written agreement by a conservator to sell the real estate of his ward, without obtaining a license to sell from the Probate Court before the death of the ward, was not binding on the executors of the ward's estate. [118]

A judge of the Probate Court was justified in concluding on conflicting oral evidence that executors had not entered into any oral agreement to sell their decedent's real estate to the petitioner. [118–119]

PETITION IN EQUITY filed in the Probate Court for the county of Plymouth on December 9, 1969.

The case was heard by *Murphy,* J.

*Robert L. Caporale* for the petitioner.

*Alfred R. Shrigley* (*Paul F. Ryan* with him) for the respondents.

TAURO, C.J. The petitioner appeals from a decree of the probate judge denying his prayer that a written agreement for the purchase and sale of real estate between the petitioner and the co-conservators of the estates of Joseph E. and Margaret M. Threlfall created a binding obligation on the wards' estates after their death. The petitioner also argues that even if the written agreement is not binding he is entitled to a conveyance on the basis of an alleged oral agreement between the petitioner and the executors of the estate of

Margaret M. Threlfall and, further, that the statute of frauds not having been pleaded by the respondents is not now available to them as a defence.

There is no report of material facts by the probate judge, but the evidence is reported. The pertinent evidence is as follows. The petitioner and the co-conservators of the property of the wards in June of 1968 executed a purchase and sale agreement for the sale of 12.9 acres of the Threlfalls' real estate for the sum of $17,500. No license to sell was obtained in the Probate Court before their deaths.

In October, 1969, the petitioner met with a trust officer of the First County National Bank who recognized his interest in the real estate and was informed that he would be given first consideration in its purchase. He was later informed that the executors had a purchaser for $30,000.

The petitioner argues that the executors were legally bound to honor the written agreement between the petitioner and the co-conservators. We cannot agree. The functions of conservators are subject to court supervision. *Dolbeare* v. *Bowser*, 254 Mass. 57. *Minnehan* v. *Minnehan*, 336 Mass. 668. An agreement by a conservator requires, as a condition precedent to its binding effect, a license to sell issued by the Probate Court. G. L. c. 201, § 37. G. L. c. 202, § 5. The issuance of such a license during the lifetimes of the wards was discretionary. See *Minnehan* v. *Minnehan, supra.* The license could not be issued to the conservators after the death of their wards. "A conservator, like a guardian, has only the care and management of his ward's estate, and title to it, whether consisting of real or personal property, never vests in him but remains in the ward. On the death of the ward his authority to manage the property ends and his only remaining duty is to settle his accounts and turn over the property in his possession to the person rightfully entitled." *Minnehan* v. *Minnehan, supra,* at 670. General Laws c. 204, § 1, has no application in the instant case.

The petitioner's second contention that there exists a

binding oral agreement with the executors is also rejected. Apart from the statute of frauds, the argument has no merit since the probate judge was justified in finding on the conflicting oral evidence that no such oral agreement was entered into. "[T]he entry of the decree imported a finding of every fact essential to sustain it within the scope of the pleadings and supported by the evidence." *Carmichael* v. *Carmichael*, 324 Mass. 118, 119. See *Glazier* v. *Everett*, 224 Mass. 184, 185; *Marlowe* v. *O'Brien*, 321 Mass. 384, 386; *Corkum* v. *Salvation Army of Mass. Inc.* 340 Mass. 165, 166.

*Decree affirmed.*