ANNIE B. DARLING, conservatrix, *vs.* PAULA A. PINKHAM.   April 1, 1980.  The plaintiff was appointed conservatrix by a Connecticut court.  She brought a petition for partition of the ward's real estate in the Probate

Court for Barnstable County. The ward was a joint tenant of the real estate with the defendant. The court entered an "interlocutory decree" ordering partition from which the defendant appeals. G. L. c. 241, § 10. *Asker* v. *Asker*, 8 Mass. App. Ct. 634, 635 (1979).

1. The plaintiff as conservatrix had standing to bring an action for partition. There is no merit to the defendant's argument under G. L. c. 201, § 39. The property belongs to the ward. Title is not in the conservatrix. As a result, it is the ward who must be taken to have filed the petition for partition. *Minnehan* v. *Minnehan*, 336 Mass. 668, 670 (1958). 2. There was no evidence or representation of counsel that the interest of the conservatrix was adverse to that of the ward, and hence there was no need for appointment of a guardian ad litem. Contrast *Minnehan* v. *Minnehan*, 336 Mass. at 671. 3. The defendant will not now be heard to complain that the court denied her an evidentiary hearing, because she was content to submit the matter to the court on representations and arguments of counsel on two different occasions. *Mede* v. *Colbert*, 342 Mass. 166, 167 (1961). 4. We will not consider the defendant's claim that the holder of an easement was not named in the petition. This claim is made for the first time on appeal. *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977).

*Decree affirmed.*

*Harry Sarkis Terkanian* for the defendant.
*William A. Doherty, Jr.*, for the plaintiff.