**Daniel M. HUNT, Plaintiff**

v.

**Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant.**

**Civil Action No. 07–11324–RCL.**

United States District Court, D. Massachusetts.

Oct. 8, 2008.

Barbara D. Jackins, Belmont, MA, for Plaintiff.

Christopher Alberto, United States Attorney's Office, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

## I. *INTRODUCTION*

The plaintiff Daniel Hunt ("Hunt"), through his legal guardian Theresa Smith ("Smith", formerly Theresa Hunt), appeals the denial of Supplemental Security Income (SSI) benefits by the defendant Michael Astrue, the Commissioner of the Social Security Administration ("Commissioner"). Hunt argues that the hearing officer erroneously found that Hunt was not disabled and that a trust set up for Hunt was a countable resource because it is revocable. The Commissioner opposes the appeal, claiming that Hunt's disability is not relevant to the decision and Hunt's trust was properly considered an available resource.

### A. Relevant Factual Background

Hunt was born in Massachusetts on April 26, 1984, to Theresa and Phillip Hunt. Hunt received severe brain damage from oxygen deprivation at birth and this left him disabled, blind, mentally retarded, and unable to care for himself. Hunt's parents subsequently brought a medical malpractice action against Brockton Hospital and two physicians involved in the delivery. The lawsuit was settled in 1992 for $1,000,000 and, subtracting attorney fees and the parents' claims for loss of consortium, Hunt received $435,000.

Hunt's parents used his settlement proceeds to create a trust for Hunt, called "The Daniel M. Hunt 1992 Trust" ("Trust"). The parents signed the trust

document as donors and trustees, and the Trust named Daniel Hunt as the sole beneficiary. The trust document stated that the trustees, at their discretion, are to pay funds from the trust income and principal for the benefit of Hunt "during his life." The donors also reserved the right at any time to revoke or amend the trust, provided that Daniel Hunt always remains the sole beneficiary of the trust property. The Trust, at the time Hunt applied for SSI, was valued at about $202,000. On March 3, 2005, because of Hunt's mental incapacity, Hunt's mother was appointed his permanent guardian.

### B. Procedural History

In 2002, upon reaching the age of majority, Daniel Hunt applied for Supplemental Security Income (SSI). Smith met with Social Security Administration (SSA) officials on September 24, 2002, to discuss Hunt's eligibility for SSI. The officials issued an informal decision saying that Hunt was not eligible for SSI because the Trust could not be excluded from his countable resources and exceeded the maximum allowances. Hunt then formally filed a claim for SSI on October 15, 2002, which was denied. Hunt subsequently requested a case review of the decision in January, 2003, and the Commissioner upheld the denial of benefits on March 27 of that year.

Hunt, this time represented by an attorney, filed a request to have a hearing before a hearing officer. The case was heard on September 20, 2004, where Hunt's attorney and his mother testified about the settlement and the creation of the Trust. On March 24, 2005, the hearing officer ruled that Hunt was ineligible for SSI because his resources, specifically the Trust, exceeded the limits set by the Social Security Act. Hunt's subsequent request for review of the hearing officer's decision

was denied on June 9, 2007, because the Appeals Council found no reason under its rules to review the decision. This made the hearing officer's decision the final decision of the Commissioner, and the following month Hunt filed this timely appeal.

## II. ANALYSIS

### A. Standard of Review

■ Section 405(g) allows individuals to obtain review of any final decision of the Commissioner of Social Security by filing a civil action in a district court for the district where they reside. 42 U.S.C. § 405(g) (2006). The statute, however, commands that findings of the Commissioner "shall be conclusive" if supported by substantial evidence. *Id.* The Supreme Court has held that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The hearing officer's findings must be upheld if such substantial evidence exists because it is the officer's responsibility to determine issues of fact and credibility. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981). Alternatively, where the findings are derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts, they are not to be considered conclusive. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999).

Additionally, the Social Security Administration has promulgated a Program Operations Manual System (Manual)[1] which contains policy guidelines on treatment of trusts as resources in determination of SSI eligibility. *See Avery v. Sec'y of Health &*

---

1. Attached to Defendant's Memorandum of Law in Support of Motion (Docket No. 10–3 to 10–5) and also available at https://secure.ssa.gov/apps10/poms.nsf/.

*Human Servs.*, 797 F.2d 19, 23–24 (1st Cir.1986). While these guidelines are not binding, the Supreme Court has held that where an Act is " 'silent or ambiguous' with respect to a specific issue, [the courts] must defer to a reasonable construction by the agency charged with its implementation". *Barnhart v. Thomas*, 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

**B. The Trust Is a Countable Resource Because Hunt Can Revoke It and Use It for His Support and Maintenance**

**1. Daniel Hunt Is the Donor of the Trust**

 Because the Trust was created with proceeds from Hunt's malpractice settlement, substantial evidence supports the hearing officer's finding that Hunt was the "true donor" of the Trust (Administrative Record [hereinafter "A.R."] at 89.) Under Massachusetts law, guardians do not take title in the ward's estate, but can only care for and manage it on behalf of the ward. *See* Mass. Gen. Laws ch. 201, § 4 (2008); *Minnehan v. Minnehan*, 336 Mass. 668, 670, 147 N.E.2d 533 (1958). Therefore, the malpractice settlement proceeds used to create the Trust were Daniel Hunt's, making him the donor of the trust, even though he was acting through his agents at the time.[2] *See Minnehan*, 336 Mass. at 670, 147 N.E.2d 533.

**2. The Trust Is a Revocable Grantor Trust**

 Because the trust document expressly reserves the donor's right to revoke or amend the Trust at any time, the hearing officer's determination that the Trust is revocable is supported by substantial evidence. *See Bongaards v. Millen*, 440 Mass. 10, 15, 793 N.E.2d 335 (2003). A valid trust "cannot be revoked or altered except by the exercise of a reserved power to do so, which must be exercised in strict conformity to its terms." *Id.* (quoting *Phelps v. State St. Trust Co.*, 330 Mass. 511, 512, 115 N.E.2d 382 (1953)). The express language of the trust is clear, stating that:

> the donors (or the survivor of them) reserve the right at any time or times to amend or revoke this Trust in whole or in part by a writing delivered to the trustees. No amendment or revocation shall alter the fact that DANIEL M. HUNT shall be the sole beneficiary of the trust property during his lifetime.

(A.R. at 52.) Hunt, as the donor, expressly reserved the right to revoke the trust and could therefore exercise such a right in accordance with the terms of the trust.[3]

**2.** Smith's contention that she signed the trust as "donor, trustee, and Daniel's parent [but] not ... as a legal guardian" (Complaint ¶ 12) is unavailing, as it is well established that parents are guardians of their children, unless they are declared unfit and replaced with a legal guardian. *See, e.g., Custody of a Minor*, 378 Mass. 732, 743, 393 N.E.2d 836 (1979). There is no evidence in the record that Smith was unfit and, in fact, the record indicates that Smith considered herself Hunt's guardian at the time the trust was settled. (A.R. at 44.) Furthermore, if Smith was not Hunt's guardian, she would have no authority to

settle the trust with Hunt's estate. *See Minnehan*, 336 Mass. at 670, 147 N.E.2d 533.

**3.** The term "during his lifetime" in Article Fifth of the trust cannot be read to mean that the trust principal must be held for the duration of Hunt's life, as such a reading would conflict with Article First, which provides that the trustees may pay as much of the principal to Hunt as they may deem necessary. *See Boston Safe Deposit & Trust Co. v. Children's Hosp.*, 370 Mass. 719, 726, 351 N.E.2d 848 (1976) (preferring an interpretation that would harmonize provisions of a will, if possible).

*See Kirschbaum v. Wennett,* 60 Mass.App. Ct. 807, 810, 813, 806 N.E.2d 440 (2004). This reading also conforms with the parents' understanding that the trust could be revoked or amended. (A.R. at 89, # 6.)

Additionally, Hunt's legal guardian can also exercise Hunt's legal right to revoke the trust. *See Parry v. Parry,* 316 Mass. 692, 696–97, 56 N.E.2d 875 (1944). Massachusetts law allows a guardian, after authorization by the probate court, to exercise "any or all powers over the estate ... of the ward which the ward could exercise if present and not under disability". Mass. Gen. Laws ch. 201, § 38 (2008). Smith was appointed Hunt's permanent guardian (A.R. at 86) and, as such, the probate court has the power to authorize or direct Smith to exercise the powers reserved by Hunt in the trust document. *See Parry,* 316 Mass. at 696–97, 56 N.E.2d 875; *see also Massachusetts Co. v. Berger,* 1 Mass.App. Ct. 624, 625, 305 N.E.2d 123 (1973) (holding that only guardians appointed under Massachusetts law have power to revoke ward's revocable trust).

### 3. Hunt's Trust Is a Countable Resource

■ The hearing officer's determination that the Trust is a countable resource (A.R. at 20) is supported by substantial evidence because the trust is revocable by Hunt or his legal guardian, and Hunt can direct that the corpus of the trust be used for his support or maintenance. *See* 42 U.S.C. § 1382b(e)(3)(A) (2006). The hearing officer looked to Massachusetts law in determining that Hunt was not only the settlor of the trust, but also retained the power of revocation for the trust, which

could be exercised by his legal guardian. (A.R. at 18.) Under the Manual guidelines, if an individual "has legal authority to revoke the trust and then use the funds to meet his food or shelter needs, or ... can direct the use of the trust principal for his/her support and maintenance under the terms of the trust", such a trust is considered a resource for SSI purposes. Manual § 01120.200.D.1 (Feb. 2001); *see also Chalmers v. Shalala,* 23 F.3d 752, 755 (3d Cir.1994) (concluding that applicant's legal right to liquidate her interest in inherited property qualifies it as a resource under SSI regulations, even if her disability prevents her from having mental or physical ability to do so). The hearing officer's conclusion that the trust was a countable resource in excess of the statutory amount was reasonable. (A.R. at 19); *see also* 20 C.F.R. § 416.1201(a)(1) (2008) (defining resources); *Frerks v. Shalala,* 52 F.3d 412, 412, 414 (2d Cir.1995) (ruling that funds from settlement for disability caused by birth complications were countable resources because applicant could petition surrogate court for their release).[4]

## C. Lack of Finding of Hunt's Disability Is Not Essential To Denial of Benefits

Hunt's other claim, that the hearing officer erred in failing to find Hunt blind or disabled, is not relevant to the denial of Hunt's SSI application because the denial was not based on a lack of such a finding. (A.R. at 19, 20.) SSI is a needs-based program and the statute imposes an eligibility requirement based on the applicant's

---

4. Hunt claims that, because Massachusetts law does not allow a guardian to revoke a ward's trust without court approval, Smith cannot revoke the Trust and it therefore should not count as a resource. However, the Manual's guidelines state that where state law requires an individual or his agent to petition the court to withdraw funds from a conservatorship for their support and maintenance, such funds are to be considered an individual's resources. Manual § 01120.010(C) (Feb. 1992). Massachusetts generally grants the same powers to both guardians and conservators. Mass. Gen. Laws ch. 201, § 20 (2008).

resources. *See* 42 U.S.C. § 1382(a)(1)(B) (2006). In light of this, the issue before the hearing officer was whether Hunt's resources exceeded the statutory limits (A.R. at 12), and the record could support the denial of SSI benefits based solely on the existence of the trust, even without any determination as to Hunt's blindness or disability. *See Horowitz v. Barnhart,* 29 Fed.Appx. 749, 752 (2d Cir.2002) (affirming denial of benefits where applicant had resources from settlement in excess of $2000 that were accessible by court order).

### III. CONCLUSION

The hearing officer's decision was based on substantial evidence that the Trust was one that Hunt, as the settlor of the trust, could revoke. Under the Social Security Act and accompanying guidelines, such revocable trusts are considered resources and are taken into account when determining SSI benefits eligibility. The Commissioner's decision denying Hunt SSI benefits is therefore AFFIRMED.

SO ORDERED.