NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1288

IN THE MATTER OF THE ESTATE OF MARY JANE GRAVEL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2017, Mary Jane Gravel (decedent) settled the "Everest Realty Trust" (trust) as part of her estate plan.  The declaration of trust named her son Shane A. Gravel (Shane) as the successor trustee and, by attached exhibit, identified Shane's three minor children as beneficiaries.  In 2022, the decedent executed a document titled "Amendment to Everest Realty Trust" (2022 trust amendment), replacing the sentence naming Shane as successor trustee with a new sentence naming her nephew, Jason J. Armstrong (Jason), as successor trustee.  The same document included a new section naming Jason to "receive all property, accounts, and other titles and property" of the trust.  After the decedent died, Shane and Jason filed competing petitions for probate of the estate, each of which identified the petitioner as the personal representative named in the

decedent's will.[1]  In addition, and in the same court, Jason

sought a declaration that the 2022 trust amendment was valid

(third action), which Shane contested.  After cross motions for

summary judgment in the third action, a judge of the Probate and

Family Court (motion judge) granted summary judgment in favor of

Shane and declared the 2022 trust amendment void ab initio.  We

affirm.

"We review a decision on a motion for summary judgment de

novo."  Conservation Comm'n of Norton v. Pesa, 488 Mass. 325,

330 (2021).  "Summary judgment is appropriate where there is no

genuine issue of material fact and the moving party is entitled

to judgment as a matter of law."  Barbetti v. Stempniewicz, 490

Mass. 98, 107 (2022), quoting Conservation Comm'n of Norton,

supra; Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404

(2002).  "Because the parties filed cross motions for summary

judgment, we view the evidence in the light most favorable to

the party against whom summary judgment was entered," here,

Jason.  Conservation Comm'n of Norton, supra.

Disagreement about the nature of the trust -- specifically,

whether the trust is properly considered as revocable or nominee

-- underlies the parties' dispute, with Jason asserting that the

---

[1] These petitions remained pending, and no personal
representative had been appointed at the time of this
litigation.  Neither of these petitions is at issue in this
appeal.

decedent settled a revocable trust that she properly amended by the 2022 trust amendment, and Shane maintaining that it was an irrevocable nominee trust that was not amended. However, we need not determine the nature of the trust because even assuming, favorably to Jason, that the trust was revocable, the decedent failed to follow its express terms when executing the 2022 trust amendment.

"The interpretation of a written trust is a matter of law to be resolved by the court." Ferri v. Powell-Ferri, 476 Mass. 651, 654 (2017). "The rules of construction of a contract apply similarly to trusts; where the language of a trust is clear, we look only to that plain language." Id. "In deciding whether there is ambiguity, 'the court must first examine the language of the contract by itself, independent of extrinsic evidence concerning the drafting history or the intention of the parties.'" Id., quoting Bank v. Thermo Elemental, Inc., 451 Mass. 638, 648 (2008). "When interpreting trust language, . . . we do not read words in isolation and out of context. Rather we strive to discern the settlor's intent from the trust instrument as a whole and from the circumstances known to the settlor at the time the instrument was executed." Hillman v. Hillman, 433 Mass. 590, 593 (2001).

Assuming that the trust was revocable, the decedent could have amended it "by complying with a method provided in the

3

terms of the trust." G. L. c. 203E, § 602 (c) (1).  See <u>Phelps</u> v. <u>State St. Trust Co</u>., 330 Mass. 511, 512 (1953) ("a valid trust, once created, cannot be revoked or altered except by the exercise of a reserved power to do so, which must be exercised in strict conformity to its terms").  The trust instrument specified that amendments could be made "by an instrument in writing signed by beneficiaries holding at least 51% of the beneficial interest as designated by the Schedule of Beneficiaries and acknowledged by one or more of them."  This term unambiguously requires signed approval by the trust's beneficiaries to amend the trust.  The 2022 trust amendment did not include the signatures or acknowledgements of any beneficiary and thus did not comply with these terms, so the amendment is void.

Jason asserts that it was impossible for the trust to be amended pursuant to its terms because the minor beneficiaries could not legally consent to amend the trust; therefore, he maintains, amendment was permissible under a provision in G. L. c. 203E, § 602 (c), that applies when "the terms of the trust do not provide a method" for amendment.  G. L. c. 203E, § 602 (c) (2).  We agree with the motion judge that this provision does not apply because, pursuant to the schedule of beneficiaries, "the beneficial interests of the minor beneficiaries were being held in trust by their legal guardian,"

4

and "[t]he legal guardian of the beneficiaries, acting as their trustee, could have taken action on their behalf" to amend the trust.[2]  In so ruling, we are guided by the principle that, "[i]n determining the meaning of a [trust] provision, the court will prefer an interpretation which gives a 'reasonable, lawful and effective meaning to all manifestations of intention, rather than one which leaves a part of those manifestations unreasonable, unlawful or [of] no effect.'"  Ferri, 476 Mass. at 654-655, quoting Siebe, Inc. v. Louis M. Gerson Co., 74 Mass. App. Ct. 544, 550 n.13 (2009).  Thus, the beneficiaries' ages posed no actual impediment to amending the trust pursuant to its terms.  This is true even if the beneficiaries' interests in the trust had not yet vested; regardless of whether the beneficiaries' rights had vested, any revocation or amendment must be pursuant to the trust's terms.  See G. L. c. 203E, § 602 (c) (1).  See also G. L. c. 203E, § 303 (6) (barring conflict of interest, "a parent may represent and bind the parent's minor or unborn child if a conservator or guardian for the child has not been appointed"), and G. L. c. 203E, § 305 (a) (guardian ad litem may be appointed to "bind and act on behalf

_____

[2] The schedule of beneficiaries, executed at the time the trust was settled, provides, "the interest of any minor . . . beneficiary shall be transferred to their legal guardian, in trust, . . . until such beneficiary attains the age of twenty-five (25) years and thereupon transfer the balance then remaining to such beneficiary, absolutely."

of a minor").  As the decedent made no effort to adhere to those terms in the 2022 trust amendment, the amendment was void ab initio.[3]  See G. L. c. 203E, § 602 (c) (1).[4]

Judgment affirmed.

By the Court (Massing, Hand & Hershfang, JJ.[5]),

Clerk

Entered:  August 15, 2025.

---

[3] Jason also claims there was an existing dispute of fact about the decedent's intent, and therefore this case was inappropriately disposed of on summary judgment.  Because "the language of [the] trust is clear," and we can "discern the settlor's intent from the trust instrument as a whole," this argument is unavailing.  Ferri, 476 Mass. at 654.

[4] Shane's request for attorney's fees in connection with the appeal is denied.

[5] The panelists are listed in order of seniority.