Essex Trust Company, executor, *vs.* Dorothy M. Averill & others.

Essex. February 3, 1947. — February 26, 1947.

Present: Field, C.J., Qua, Ronan, Wilkins, & Spalding, JJ.

*Will*, Waiver. *Guardian*, Waiver of will. *Probate Court*, Petition, Decree.

A petition, filed in a Probate Court by the guardian of a widow, representing that it was for the interest of the ward "to waive the provisions of the will" of her deceased husband and praying that, "in accordance with the provisions of G. L. c. 201, § 45, she [the guardian] be authorized to file a waiver of the provisions of said will," was a petition for approval by the court of a waiver which the guardian on behalf of the widow thereafter filed within the six months fixed by G. L. (Ter. Ed.) c. 191, § 15, and a decree that the guardian, in behalf of the widow, "be authorized to file a waiver of the provisions of said will as prayed for in said petition," although it was entered several months after the expiration of such six months' period, was an approval of the waiver and gave it validity.

PETITION, filed in the Probate Court for the county of Essex, for the allowance of the first account of the executor of the will of Frank W. Butterfield, late of Swampscott.

The case was heard by *Phelan, J.*

*G. Newhall*, for the appellant.

*C. F. Haywood*, for the appellees.

FIELD, C.J. The Essex Trust Company, executor of the will of Frank W. Butterfield, late of Swampscott, deceased, filed a first account in which in schedule B thereof the accountant showed a payment of $3,336.49 to the guardian of Marion B. Butterfield who was the widow of the decedent. After hearing, it was decreed "that item 21 of schedule B of $3,336.49 be disallowed: that the accountant be charged in schedule C with the amount of $3,336.49, and

as so modified said account be allowed." The executor and the guardian of Marion B. Butterfield appealed from this decree. Upon the request of the appellants, the judge filed findings of fact. The evidence is not reported.

From the findings of fact, it appears that the will of Frank W. Butterfield was proved and allowed on February 10, 1944. It also appears from the findings of fact as follows: "A petition for authority to waive the provisions of the will was filed in behalf of the widow, an incompetent, by her guardian, July 3, 1944, and a waiver of said will was filed in her behalf on July 18, 1944. Hearing was had on the above mentioned petition on May 18, 1945, statements and evidence were offered as to the surrounding conditions and, thereafter, on June 5, 1945, a decree was entered as follows: 'That said guardian, in behalf of Marion B. Butterfield, the widow of said deceased, be authorized to file a waiver of the provisions of said will as prayed for in said petition.'" It further appears that the only item in the executor's first account objected to was item 21, schedule B, and that "the court finds that the waiver filed July 3, 1944, has not been approved as required." It is clear from the findings of fact that in the mind of the judge the fact that the waiver was not approved as required by law was the ground for the disallowance of item 21 of the executor's first account.

General Laws (Ter. Ed.) c. 191, § 15, provides that a waiver of a will must be filed "within six months after the probate of the will." The waiver of the will in this case was filed in behalf of the widow on July 18, 1944, within the six months' period after the probate of the will on February 10, 1944. By G. L. (Ter. Ed.) c. 201, § 45 (see St. 1945, c. 338, § 2), the guardian of an incompetent widow is authorized in her behalf to waive the provisions of her husband's will, but by that section it is provided that "no waiver of the provisions of a will under this section shall be valid until approved by the probate court after notice to such persons, if any, as the court shall deem proper and a hearing thereon."

The question for our determination is whether, on the

facts found by the judge, the waiver by the guardian of the testator's widow of the provisions of his will was approved by the Probate Court as required by G. L. (Ter. Ed.) c. 201, § 45. There has been no such approval unless by the decree of June 5, 1945, herein recited. Although a waiver must be filed within six months after the probate of the will, there is no requirement that the waiver be. approved within that period or that it be approved before it is filed.

The case, therefore, turns upon whether by the decree of June 5, 1945, the waiver of the will of the testator by the guardian of Marion B. Butterfield, his widow, was "approved" by the Probate Court within the meaning of G. L. (Ter. Ed.) c. 201, § 45. We are of opinion that by this decree the waiver was "approved" by the Probate Court.

The guardian in her petition, described in the findings of fact as a "petition for authority to waive the provisions of the will," represented that it was for the interest of the ward "to waive the provisions of said will" and prayed that "in accordance with the provisions G. L. c. 201, § 45, she be authorized to file a waiver of the provisions of said will." The "character of a pleading or other paper put upon the files of the court must be determined from its essential substance." *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110. *Boston* v. *Santosuosso,* 302 Mass. 169, 175. It is to be assumed that the petitioner intended by her petition "to accomplish something and not do a futile act." *Hays* v. *Georgian Inc.* 280 Mass. 10, 15. The substance of the petition is to secure action by the Probate Court "in accordance with the provisions G. L. c. 201, § 45," specifically referred to in the petition. That section confers no authority upon the Probate Court to authorize a guardian of a widow to file a waiver of the provisions of her husband's will. However, it impliedly authorizes the court to approve such a waiver. The petition clearly indicates that the guardian sought action by the court under said § 45, that is, approval of the waiver, and not merely authority "to file a waiver." The purpose of the petition was to accomplish something, that is, to secure action by

the court under § 45 — approval of a waiver — and not to do a futile act, that is, to secure authority to file a waiver. The petition, therefore, is to be interpreted as a petition for the approval of a waiver of the provisions of the will. The findings of fact show that upon the petition the court followed a procedure proper for a petition for approval of a waiver under said § 45. The "effect and operation of the earlier decree are to be determined with reference to the facts found and the issues intended to be decided in that case." *Morehardt* v. *Dearborn*, 313 Mass. 40, 46. See also *Attorney General* v. *New York, New Haven & Hartford Railroad*, 201 Mass. 370, 372; *Yankee Network, Inc.* v. *Gibbs*, 295 Mass. 56, 61. This is particularly true in the present case where the decree was that the guardian "be authorized to file a waiver of the provisions of said will as prayed for in said petition." Although the facts found upon the earlier petition do not appear, it is clear that the issue intended to be decided was that presented by the petition. As we have interpreted the petition, the issue intended to be decided thereon was whether a waiver should be approved. We conclude, therefore, that the decree constituted an approval of the waiver on file.

Since we hold that the waiver of the will has been approved and since the lack of such approval appears to have been the only ground for disallowance of item 21 of schedule B of the account, the decree disallowing that item and modifying the account accordingly must be reversed and a decree entered allowing the account as presented.

*So ordered.*