EDNA E. WITZGALL vs. ROLAND W. WITZGALL & another.

Essex.    April 3, 1956. — June 29, 1956.

Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Jurisdiction,* Marital status, Over the res, Over the person.  *Probate Court,* Parties, Jurisdiction, Notice, Declaratory proceeding, Proceeding for determination of marital status.  *Equity Pleading and Practice,* Declaratory proceeding.  *Marriage,* Determination of marital status. *Divorce,* Foreign divorce.  *Domicil.*

In a proceeding under G. L. (Ter. Ed.) c. 231A to determine the marital status of the petitioner and the respondent, who had been married in Massachusetts and had lived together here, a finding that the respondent did not have a domicil in another State at a time when he procured there a purported divorce from the petitioner in a proceeding in which she took no part and during which she was not in that State was fully supported by evidence of the circumstances in which the respondent procured the purported divorce during intermittent trips there from Massachusetts, and a decree adjudging the petitioner and the respondent to be still husband and wife according to the laws of Massachusetts was affirmed.  [366–367]

The Massachusetts courts had jurisdiction of the marital status of parties who were married in Massachusetts and thereafter lived here as husband and wife until the husband deserted the wife and their children, and a decree of a Probate Court adjudicating that status was a decree in rem.  [368, 369]

In a proceeding in a Probate Court by a woman under G. L. (Ter. Ed.) c. 231A for a binding declaration as to the marital status of the petitioner and a male respondent who was served in hand with process and appeared, a citation calling for notice to the other respondent, a woman who also purported to be his wife, "by delivering or mailing by registered mail a copy of the . . . citation to . . . [her] and if service . . . [were] made by registered mail, unless it . . . [should] appear that . . . [she had] received actual notice," by publication, and served by mailing by registered mail and by publication constituted suitable notice of the proceeding to her and, even though she did not appear, rendered without merit a contention based on § 8 of c. 231A that the court lacked jurisdiction to enter a declaratory decree in that it did not have all the interested parties before it.  [368–370]

PETITION IN EQUITY, filed in the Probate Court for the county of Essex on March 10, 1954.

The case was heard by *Costello, J.*

*George Karelitz*, for the respondents.

*Thomas H. Collins*, for the petitioner.

COUNIHAN, J.   This is a petition in the Probate Court under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, by Edna E. Witzgall against her husband Roland W. Witzgall and Marie Schult, otherwise called Marie Witzgall, his alleged second wife, for a binding declaration as to the marital status of the petitioner and the respondent Roland W. Witzgall.   See *Hogan* v. *Hogan*, 320 Mass. 658.   It comes here upon an appeal by Roland from a decree adjudging that Roland and Edna are still husband and wife according to the laws of this Commonwealth.   There was no error.

The evidence is reported and the judge made findings of material facts.   In these circumstances it is our duty to examine the evidence and to decide the case on our own judgment, giving due weight to the findings of the judge which will not be reversed unless we are convinced that they are plainly wrong.   We are satisfied that the findings of the judge are fully supported by the evidence.

The facts found by the judge and by us are these: Roland and Edna were married in Haverhill in 1934 and later lived in Lawrence.   Two children were born to them who are still living.   In May, 1952, Roland left his wife Edna and their children and went to live with his parents in Lawrence.   He never returned to them.   For some years prior to 1952 Roland and his father conducted a printing business in Lawrence called the "Witzgall Press."   Early in 1952 Roland took over this business under an agreement that he would pay his father a stipulated sum of money each week during the life of his father.   Roland continued to own and operate the business until June, 1954, when it was incorporated.

Roland made his first trip to Florida about June 15, 1953. He stayed there about four days and returned to Lawrence. From then on he made intermittent trips to Florida, always returning to Lawrence.   These trips to Florida were from

July 1 to July 10, 1953; from September 15 to September 29, 1953; from October 20 to December 15, 1953; and from late in December, 1953, to February 17, 1954. When in Florida he occupied a single room with a family in Jacksonville and he continued to exercise the control and management of his business in Lawrence. He forwarded checks each week while there for the payroll of his employees.

Early in November, 1953, he engaged an attorney in Florida to institute divorce proceedings against Edna there, and about December 12, 1953, he filed a bill of complaint for divorce against Edna on the ground of cruel and abusive treatment. Service was made on Edna by registered mail but she ignored it. She was not in Florida and took no part in the divorce proceedings there. In his bill Roland alleged that he was then, and had been for more than "ninety (90) days last past and prior to the filing of" the bill, a resident of Florida. A hearing was held upon this bill in January, 1954, and on February 27, 1954, a decree of divorce was entered.

In the meantime, before the entry of the decree, Roland returned to Lawrence and on February 19, 1954, he and Marie filed notice of intention to be married in Salem, New Hampshire. On March 8, 1954, Roland and Marie went through a marriage ceremony in said Salem. Following the ceremony they lived as husband and wife in said Salem until late in August, 1954, when they went to Florida. A child was born to them in Salem on May 2, 1954.

The judge found on all the evidence and the inferences to be drawn therefrom that Roland did not have a domicil in Florida at the time of the filing of the bill for divorce nor at the time of the hearing on the bill. In his findings of facts he found that Marie at the time of her alleged marriage to Roland was a resident of and domiciled in Haverhill. The petition in the present suit was filed on March 10, 1954.

It appears from the record that Roland appeared and answered and took part in these proceedings. It appears from the docket entries and from the original papers in this

case which we have before us that no personal notice was given to Marie of this suit. It does appear, however, that notice was to be given to her by order of the court "by delivering or mailing by registered mail a copy of the . . . citation to . . . [her] fourteen days at least before . . . [the] return day; and if service be made by registered mail, unless it shall appear that all persons interested have received actual notice, by publishing a copy thereof once . . . [a] week for three successive weeks in . . . a newspaper published in Lawrence." The return day was April 26, 1954, and a return of service was made of publishing on April 6, 13, and 20, and mailing on April 7, 1954, by registered mail, a copy of the citation to her.

The respondent Roland contends in effect that the Probate Court had no jurisdiction to entertain this petition because it did not properly have all the parties in interest before it. He relies upon c. 231A, § 8, which reads in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

It does not appear in the record that this issue was brought to the attention of the judge during the hearing, except by an amended answer. We agree that questions of jurisdiction of a court over the subject matter or parties may be raised at any stage of the proceedings. *Cohn v. Cohn*, 310 Mass. 126, 129.

We think that the substituted service on Marie by publication and mailing was good. Roland and Edna were married in this Commonwealth in 1934 and thereafter lived together as husband and wife until May, 1952, when Roland abandoned his wife and two children. When the present petition was brought by Edna on March 10, 1954, this Commonwealth had jurisdiction and control of the marital status of Roland and Edna. Roland could not oust our courts of their jurisdiction to determine the marital status of Roland and Edna by deserting her and moving elsewhere. Pursuant to G. L. (Ter. Ed.) c. 215, § 30, the judges of the

Probate Courts in 1934 adopted certain rules which were approved by the Supreme Judicial Court. Rule 6 reads as follows: "If a notice, given in accordance with the forms approved as provided by General Laws ch. 215, § 30, *or otherwise* [emphasis supplied], is held by the judge to be insufficient, he may order such further notice as the case requires."

In the case at bar the original citation called for notice to be given all persons interested by delivering or mailing by registered mail and if service was made by registered mail, unless it appeared that all persons interested received actual notice, by publication. A return on this citation showed only service in hand on Roland. Apparently the judge deemed this notice insufficient for a new citation was issued calling for notice to Marie "by delivering or mailing by registered mail a copy of the . . . citation to . . . Marie . . . and if service be made by registered mail, unless it shall appear that all persons interested have received actual notice," by publication. A return on this citation shows that service was made upon Marie as ordered.

"Publication is a recognized method of giving notice of a judicial proceeding. . . . It is often employed in our practice, usually in connection with other methods." *Young* v. *Tudor*, 323 Mass. 508, 514–515. This is particularly true when the court has jurisdiction of the res. *Churchill* v. *Bigelow*, 333 Mass. 196. We are of opinion that in a proceeding for an adjudication of the marital status of the parties over which the court has jurisdiction and control the decree determining such status takes effect as a judgment in rem. *Clark* v. *Clark*, 191 Mass. 128, 132.

It may be of significance to note that c. 231A, § 1, provided that ". . . nothing contained herein shall be construed to authorize the change, extension or alteration of the law regulating the method of obtaining service on, or jurisdiction over, parties . . . ."

We conclude therefore that Marie received suitable notice of these proceedings and, if she chose not to appear and

participate in them, she or Roland cannot now be heard to complain.

The decree is affirmed with costs of this appeal to the petitioner. G. L. (Ter. Ed.) c. 231A, § 7.

*So ordered.*