RALPH J. COFFMAN *vs.* CHARLES T. SABEN & another.[1]

Suffolk.  November 6, 1957. — February 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Will,* Validity.    *Undue Influence.*

Reported evidence did not show to be wrong findings by a judge of probate that the will of a woman which bequeathed ninety per cent of her estate to her daughter and her daughter's family and five per cent to each of her two sons, who contested it, was executed without undue influence on the part of any person and that the testatrix's "wishes as expressed therein were neither illogical nor unnatural."

PETITION, filed in the Probate Court for the county of Suffolk on August 28, 1956, for proof of a will.

The case was heard by *Wilson,* J.

*M. James Zelman,* (*I. Jack Levy* with him,) for the respondents.

*John Cancian,* for the petitioner.

COUNIHAN, J.  This is an appeal from a decree of the Probate Court allowing the will of Anna H. Saben and the appointment of Ralph J. Coffman named as executor therein.  The contestants were two sons of the decedent and the conservator of her husband, who however did not appeal.  The evidence is reported and the judge made a careful, full, and complete report of material facts.  In this report the judge found that "the instrument was her free act and deed without undue influence on the part of any person."  He further found that "on all the evidence . . .

---

[1] Henry C. Saben.

not only was the will of the testatrix executed without undue influence on the part of any person, but her wishes as expressed therein were neither illogical nor unnatural." There was no error.

The facts as we gather them from the evidence are these: The will of the decedent was executed by her on March 2, 1956, when she was about eighty-four years of age, in the presence of three reputable witnesses two of whom were members of the bar. She died on August 26, 1956. The will is a simple one. In it she divided her estate into fractional shares and bequeathed five per cent of her estate to each of her sons, the present contestants; ten per cent to her son-in-law Ralph J. Coffman; twenty-five per cent to each of her grandsons, the children of her daughter Edith H. Coffman; and thirty per cent to her daughter Edith. There was a further provision under which the bequest to any named beneficiary went to Edith if such beneficiary should contest the will.

The decedent had lived in the same household with Edith from the birth of Edith to the death of the decedent. When Edith married Ralph J. Coffman in 1932 she with her husband continued to live with the decedent as did the children of Edith one of whom was born in July, 1940, and the other in July, 1944.

In the early days of this arrangement, except for monthly checks from her "favorite son" Arthur, the Coffmans were the sole reliance of the decedent and her crippled husband. Less than a month before she executed this will her "favorite son" Arthur, who had become very successful, suddenly died leaving a will which gave her, her husband, and her sons Charles and Henry about $60,000 each. Under that will Edith received approximately $240,000 and her husband Ralph J. Coffman was named executor.

Henry was disappointed with the contents of Arthur's will and unsuccessfully opposed the appointment of Ralph as executor. This annoyed the decedent very much. When she came to make her will she patterned it much after the will of Arthur.

It would serve no useful purpose to summarize the evidence which we have carefully examined. It is enough to say that the subsidiary findings and the ultimate conclusions of the judge are amply supported by the evidence.

The applicable principles of law governing this appeal are fully stated in *Copperman* v. *Turner*, 303 Mass. 448, 449, wherein it is said, "The evidence is reported . . . and . . . the judge made a report of material facts found by him. . . . We have examined the record carefully. The question determined is one of fact, depending upon the credibility of witnesses and the weighing of evidence." It is true that "In these circumstances it is our duty to examine the evidence and to decide the case on our own judgment, giving due weight to the findings of the judge which will not be reversed unless we are convinced that they are plainly wrong." *Witzgall* v. *Witzgall*, 334 Mass. 365, 366. Here we are convinced that the findings of the judge were not wrong, much less plainly wrong. *Ronan* v. *Moroney*, 313 Mass. 475, 478. Compare *Smith* v. *Stratton*, 302 Mass. 17, 20.

In their brief the appellants substantially rely upon cases decided in other jurisdictions than ours. Because the law of this Commonwealth concerning the exercise of undue influence is well settled we disregard such cases from other jurisdictions.

*Decree affirmed.*