CARROLL F. MILLER, executor, *vs.* HELEN L. MILLER & others (and a companion petition[1]).

Bristol. April 7, 1959. — May 20, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Will,* Waiver, Ratification by beneficiary, Separate writing. *Guardian,* Waiver of will. *Election. Estoppel. Probate Court,* Costs.

A waiver of a will filed by the guardian of the testator's incompetent widow under G. L. c. 201, § 45, within six months after the probate of the will may be validated by approval of the Probate Court after the expiration of the six months. [264–265]

A testator's widow, by accepting benefits after her husband's death under insurance policies and other arrangements made for her by him during his life, was not precluded from waiving his will, which bequeathed all his property to his brother and recited that "I have not expressly mentioned my beloved wife . . . as I have otherwise provided for her welfare," but did not mention such arrangements or the benefits thereunder. [265]

A letter, which was written by a testator to his brother under the same date as that of the testator's will bequeathing all his property to the brother but was not referred to in the will in any way, and which stated that if the testator's wife, then mentally incompetent, were of sound mind at the time of his death he would "want her to have everything" and that if she were not of sound mind "all property . . . should go to you [the brother]," was of no effect in proceedings involving the propriety of a waiver of the will filed in behalf of the still incompetent widow by her guardian. [265]

Upon appeals by an executor from decrees of a Probate Court approving a waiver of the testator's will filed on behalf of his incompetent widow by her guardian and dismissing the executor's petition to have the waiver declared null and void, an award by the Probate Court under G. L. c. 215, § 45, of a certain amount to counsel for the guardian could not in the circumstances be said to be excessive. [265]

PETITIONS, filed in the Probate Court for the county of Bristol on February 11, 1957, and June 14, 1956, respectively.

The cases were heard by *Mullaney,* J.

[1] The second petition is by Mary D. Nickerson, guardian.

*J. Howard O'Keefe, (Harry J. Webb* with him,) for Carroll F. Miller, executor.

*Talbot T. Tweedy, (Lewis S. Rubin* with him,) for Helen L. Miller and others.

COUNIHAN, J.    These are two petitions in the Probate Court for Bristol County.   The first petition was filed on February 11, 1957, by Carroll F. Miller, the executor under the will of his brother, Leigh V. Miller.   The respondents were Helen L. Miller, the testator's widow, who at· the time of his death was mentally incompetent; Mary D. Nickerson, Helen's sister and her duly appointed guardian; and Lewis S. Rubin, Esquire, guardian ad litem for Helen.

The first petition seeks to have a waiver of the will of the testator, filed in behalf of his widow by her guardian on September 23, 1954, declared null and void because filed fraudulently and in bad faith.

Part of the evidence is reported and the judge made a report of material facts from which it appears that the testator and Helen were married in 1922 and no children were born of their marriage.   In 1932 Helen was committed to the Medfield State Hospital as mentally incompetent. Two days after the death of her husband she was released from that hospital in the custody of her guardian and on December 16, 1954, she was discharged.   The testator died on December 13, 1953, leaving his widow, Helen, and his heir at law and next of kin, his mother Anna G. Miller. He left a will dated August 16, 1946, which was admitted to probate on April 1, 1954.   In this will he stated, "I have not expressly mentioned my beloved wife, Helen L. Miller, as I have otherwise provided for her welfare."   He bequeathed all his property to Carroll, his brother, and named him executor.   Mr. Rubin, as guardian ad litem, assented to the allowance of the will.

With the will was found a letter to his brother of the same date as that of the will, in which the testator stated that "[i]f Helen is of sound mind [at his death], I should want her to have everything" except certain heirlooms.   "All property, if Helen is not of sound mind, should go to you

except certain things from the Nickerson and Doane families, which are Helen's. . . ."

During his life the testator had made Helen the beneficiary of several life insurance policies and a certificate of an employees' retirement plan the benefits of which were paid to her guardian after the testator's death. The guardian also received benefits from the veterans' administration and Helen, if she attains a certain age, will get social security benefits. Carroll asserts that Helen having received these benefits upon the death of her husband is precluded from asserting rights to any part of his estate.

The second petition was filed on June 14, 1956, by the guardian of Helen under G. L. c. 201, § 45, to approve the filing of the waiver. On October 22, 1957, after a hearing on both petitions the judge approved the filing of the waiver by the guardian of Helen and stated that it "was done in good faith and a proper exercise of her discretion." The judge also found "that the acceptance of retirement plan payments, life insurance and veterans' benefits, could not cause . . . Helen L. Miller, through her guardian, to ratify and confirm said will since the . . . benefits and provisions for . . . Helen L. Miller were not mentioned nor adequately identified and therefore not incorporated as a part of said will." A decree dated October 22, 1957, was entered dismissing the first petition and awarding fees to counsel for the guardian from which the petitioner appealed. A decree was entered on the second petition on October 22, 1957, "that . . . act of . . . guardian of said Helen L. Miller, in waiving the will of . . . Leigh V. Miller in behalf of her ward, was made in good faith and is hereby approved," from which Carroll appealed. There was no error.

General Laws c. 191, § 15, authorizes a surviving spouse, except in cases of desertion or a decree for living apart for justifiable cause, to waive the provisions of a will of a deceased spouse, if such waiver is filed within six months after the probate of such will. By G. L. c. 201, § 45, as amended through St. 1945, c. 338, § 2, a waiver may be filed by a guardian of an incompetent spouse but it is not valid

until approved by the Probate Court. This phase of this case is governed by *Essex Trust Co.* v. *Averill,* 321 Mass. 68, 70, which holds that such a waiver must be filed within six months after the probate of a will but that there is no requirement that it be approved either within that period or before it is filed. The case of *Dolbeare* v. *Bowser,* 254 Mass. 57, is distinguishable on the facts. There is no evidence in the instant case that the guardian of Helen acted for the guardian's personal benefit.

Carroll seeks to take advantage of the principle of law "that if any person shall take any beneficial interest under a will, he shall be held thereby to confirm and ratify every other part of the will . . . ." *Thurlow* v. *Thurlow,* 317 Mass. 126, 127. He asserts that, by accepting benefits under the insurance policies, the retirement plan and other benefits provided for Helen by the testator during his life, she is precluded from waiving the will. These benefits were not mentioned or incorporated in the will. They accrued to the widow by reason of arrangements made by the testator during his life and are entirely independent of the provisions of the will. The letter of the testator to his brother or its substance was not referred to in any way in the will of the testator. We think this letter is of no effect. Newhall, Settlement of Estates (4th ed.) §§ 43, 342.

Under G. L. c. 215, § 45, in contested matters the Probate Court has the power to award costs and expenses to counsel for either of the parties, to be paid out of the estate. We cannot say that, in the circumstances of the instant petitions, an award of $500 to counsel for the guardian of Helen was excessive.

*Decrees affirmed.*