OLD COLONY TRUST COMPANY, administrator, *vs.*
RALPH J. COFFMAN.

Suffolk.    December 5, 1960. — March 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Will,* Waiver.

A Probate Court had jurisdiction after the death of a widower under conservatorship to approve under G. L. c. 201, § 45, a waiver of his wife's will seasonably filed by his conservator before his death.

PETITION, filed in the Probate Court for the county of Suffolk on December 26, 1956.

The case was heard by *Wilson,* J.

*Paul B. Sargent,* for the respondent.

*M. James Zelman,* for the petitioner.

WILLIAMS, J.    This is a petition originally brought by the conservator of the property of Charles C. Saben, late of Winthrop, for the approval by the Probate Court of his waiver in behalf of his ward of the provisions of the will of Anna H. Saben, the ward's deceased wife. Mrs. Saben died on August 26, 1956. Her will was allowed by decree of the Probate Court on December 3, 1956, which decree on appeal to this court was affirmed February 5, 1958. See *Coffman* v. *Saben,* 336 Mass. 696. Mr. Crehan, the original petitioner, had been appointed conservator on October 18, 1956. The will of Mrs. Saben contained no provision for her husband and on December 26, 1956, the conservator

filed a waiver of her will and a petition under G. L. c. 201, § 45, that the waiver be approved. His ward died on January 8, 1958, before the rescript of this court on the contested allowance of Mrs. Saben's will. The conservator's waiver of the will was approved by decree of the Probate Court on November 16, 1959, and is before us on the appeal of Ralph J. Coffman, as executor of the estate of Anna H. Saben and individually as legatee under her will. By order of the Probate Court Old Colony Trust Company, administrator with the will annexed of Charles C. Saben, was on November 16, 1959, substituted as petitioner for Mr. Crehan.

It is not contended by the appellant that the waiver by the conservator was not for the advantage and benefit of the ward or was not filed in good faith. See *Minnehan* v. *Minnehan,* 336 Mass. 668, 671. He concedes that the petition could be allowed if the ward were alive and that the sole question is whether the court had jurisdiction to approve it after his death.

A conservator has the same powers and duties, except as to the custody of the person, as a guardian of an insane person. G. L. c. 201, § 20. Such guardian could, in the circumstances here described, have waived the provisions of the will provided that the waiver was approved by the Probate Court. G. L. c. 201, § 45. The right of waiver is personal to the surviving spouse, *Sherman* v. *Newton,* 6 Gray, 307, *Jones* v. *Maguire,* 221 Mass. 315, *Friedman* v. *Andrews,* 293 Mass. 566, 569, and if exercised under the statute by a guardian or conservator requires the approval of the Probate Court. The reason for such requirement is to determine whether the waiver is for the benefit of the ward alone and for his best interests. *Hanchett* v. *Hill,* 316 Mass. 673, 676. While the waiver must be filed within six months after the probate of the will of which the provisions are waived (G. L. c. 191, § 15), the approval of the court need not be given within that period. *Essex Trust Co.* v. *Averill,* 321 Mass. 68, 70–71. *Miller* v. *Miller,* 339 Mass. 262. By his waiver the conservator sought to re-

cover for his ward the share in his wife's estate to which he would have been entitled had she died intestate. This interest was so far vested that it was assignable in his lifetime and on his death would pass to his personal representative. See *Sullings* v. *Richmond,* 13 Allen, 277, 279; *Atherton* v. *Corliss,* 101 Mass. 40, 47; *Brayton* v. *Stoughton,* 335 Mass. 321, 325. Although the duties of the conservator ended with his ward's death except for winding up the estate, the jurisdiction of the court over the ward's estate continued. *Minnehan* v. *Minnehan,* 336 Mass. 668. It was bound to see that the estate was properly administered. The interest of the ward in his wife's estate was an asset of his estate. The requirement for approval of the waiver was not intended to affect that interest. Its purpose was to make certain that the waiver had not been improvidently filed to the disadvantage of the ward. See *Dolbeare* v. *Bowser,* 254 Mass. 57. The court did not exceed its jurisdiction in approving the waiver after the ward's death.

*Decree affirmed.*