*Northern District*
A.D. 6329

## MARY B. HELD

v.

## JOHN A. BRANDANO

Argued: April 26, 1967.     Decided: June 21, 1967.

*Present:* Brooks, P.J., Connolly, J., Yesley, J.J.

Case tried to *Loschi, J.* in the First District Court of Eastern Middlesex     No. 2902 of 1963

*Yesley, J.   This is an action in contract or tort to recover the amount paid by the*

*plaintiff on a judgment obtained against her for damage caused to adjoining real estate as a result of excavation operations performed by the defendant on property of the plaintiff.* The defendant denied that he breached any contract with the plaintiff or that he was negligent in the performance of the work. He further alleged that the plaintiff had agreed to hold him harmless from any claims of abutting owners.

The case was originally entered in the Middlesex Superior Court on September 4, 1962 with both parties claiming jury trial. On July 9, 1963, it was transferred to the First District Court of Eastern Middlesex under the remand statute (G.L. c. 231, §102C). After trial held on January 5, 1966, the trial justice found for the defendant and on January 6, 1966 notice of such finding was sent to both parties. On January 13, 1966 the defendant filed a paper in the District Court entitled: "Plaintiff's Motion to Retransfer and Insistence on Jury Trial and Right to Introduce Further Evidence", which reads in part as follows:

"The plaintiff, having reserved his (sic) right for a jury trial, she now insists upon said jury trial with the right to introduce further evidence pertaining to the following matters. . . . .".

Upon the filing of said paper the clerk of the District Court retransferred the case to the Middlesex Superior Court. The defendant there-

upon filed a motion in the Superior Court to return the case to the District Court on the ground that no request for retransfer had been made. The motion was heard by a justice of the Superior Court, who ordered the case returned to the District Court "for the determination whether the request for re-transfer to the Superior Court was duly filed within the provisions of General Laws, chapter 231, section 102C". Thereafter, the defendant filed a motion in the District Court "that the request for re-transfer to the Superior Court filed by the plaintiff be adjudged as not duly filed within the provisions of General Laws, chapter 231, section 102C and that judgment be entered for the defendant". The motion was allowed after hearing and the plaintiff duly requested a report.

The defendant's motion for judgment squarely presented the question as to whether the plaintiff had effectively exercised her right to "have the case retransferred for determination by the superior court" (G.L. c. 231, s. 102C). A paper was filed by the plaintiff within the ten day period prescribed by the statute for filing a request for retransfer. If as matter of law such paper should have been construed as a request for retransfer, the court erred in ordering judgment for the defendant, as in such case the plaintiff would have been entitled to a new trial in the Superior Court, with or without jury depending on whether the claim

therefor was renewed within ten days after the filing in the Superior Court of the decision of the District Court. (G.L. c. 231, s. 102C).

Examination of the substance of the paper filed by the plaintiff discloses no words requesting a retransfer to the Superior Court. Textually, it is an insistence on a jury trial and a reservation of the right to introduce evidence on certain stated issues, according to the practice in the Superior Court after a hearing before an auditor. (See Rule 88 of the Superior Court Rules). The word "Retransfer" does appear in the caption of the paper following the words "Plaintiff's Motion To" and preceding the words "and Insistence on Jury Trial and Right to Introduce Further Evidence". Both parties are in agreement that papers filed in court are to be interpreted in accordance with their true character. See *Metropolitan Transit Authority* v. *Railway Express Agency, Inc.,* 323 Mass. 707, 709. The plaintiff argues that the true character of the paper in question is that of a request for retransfer.

In insisting on a jury trial, the paper necessarily contemplates a trial in the Superior Court, even though as a demand for a trial by jury it was premature under the remand procedure (See G.L. c. 231, s. 102C). Its caption contains the words: "Plaintiff's Motion to Retransfer". This, too, demonstrates an intent to claim a new trial in the Superior Court. Construing the paper other than as a request

for retransfer would render it completely irrelevant, a nullity. As the court said in *Essex Trust Co.* v. *Averill,* 321 Mass. 68 (at p. 70), "It is to be presumed that the (plaintiff) intended by her (paper) to 'accomplish something and not do a futile act' ", citing *Hays v. Georgian, Inc.,* 280 Mass. 10, 15. The inartfulness with which the paper was drafted has muddied the waters and has made this a difficult case to decide. However, since the statute (c. 231, § 102C) does not prescribe with particularity the form of request for retransfer to the Superior Court, this paper which was filed within the time required for the filing of such a request and which may reasonably be construed as seeking a new trial in the Superior Court should be held to have satisfied the requirements of the statute. We hold that the District Court erred in not construing the paper filed by the plaintiff as a request for retransfer and in ordering judgment for the defendant.

The defendant has argued in his brief that this Division has no jurisdiction to hear appeals in cases remanded to the District Courts, that the only remedy of an aggrieved party is to request a retransfer to the Superior Court. This is not so. *Lubell* v. *National Stores, Inc.,* 342 Mass. 161, 165, 166; *McGloin v. Nilson,* 348 Mass. 716, 718, 719.

The justice's action allowing the defendant's motion "that the Request for Retransfer — filed by the plaintiff be adjudicated as not duly filed

— and that judgment be entered for the defendant'', is hereby vacated; and the clerk of said District Court is directed to retransfer the case to the Superior Court in the manner provided by General Laws, c. 231, § 102C.

HOWARD S. WILLARD

of Boston for the Plaintiff

JOSEPH E. LEVINE

of Boston for the Defendant