*Northern District*

## No. 8318

# MERRIMACK MATERIALS, INC.

## v.

# TOWN OF GROVELAND[1]

Argued: May 15, 1975. Decided: Jan. 19, 1976.

---

[1] and two companion cases: **Merrimack Paving Cor-poration v. Town of Groveland**, App. Div. No. 8319 (Northern Essex No. 51-1974) and **Merrimack Trans-portation, Inc. v. Town of Groveland**, App. Div. No. 8320 (Northern Essex No. 52-1974).

Case tried to *McDonald, J.,* in the Central District Court of Northern Essex. Number: 50-1974.

Present: Flaschner, Gould, and Forte, J.J.

Counsel for defendant: Henry P. Minichiello, Haverhill.

**Forte, J.** These are three separate actions in contract wherein the plaintiff of each action in count 1 seeks to recover an amount of money that it paid to the defendant's Municipal Light Commission for its November, 1973 electric bill, alleging that the defendant wrongly discriminated against the plaintiff when it abated the November bills for all of its residential customers but refused to so abate the November bills for its commercial customers.

Count 2 in each declaration is for money had and received.

The defendant filed a motion to dismiss contesting the jurisdiction of the court on the basis that the defendant is subject to G.L. c. 164, §§34 through 69, and is regulated by the Department of Public Utilities of the Commonwealth.

The defendant, without waiving the motion to dismiss, also filed an answer.

When the actions were reached for trial, the justice elected to hear the motions to dismiss first although there were no affidavits attached thereto nor had three days' notice been given by the moving party.

At the argument on the motion to dismiss, both counsel agreed for the purpose of the motions only to the following:

"1. The Town of Groveland Municipal Light Commission is subject to Massachusetts General Laws Chapter 164, Sections 34 to 69 inclusive and is regulated by the Massachusetts Department of Utilities.

"2. The plaintiff's action is based on the action of the defendant's Municipal Light Commission in abating the November billings for all of its residential customers to the exclusion of its commercial customers."

There was no evidence presented, no statement of agreed facts or any other matter presented except oral arguments on the motions.

The trial court allowed the motions and dismissed the three actions. From these dismissals, the plaintiffs claimed to be aggrieved and are before this Division on reports which state they contain all the evidence material to the questions reported.

■ Rule 22 of the Rules of the District Courts (1954) requires notice of hearings on motions be given to adverse party at least three days before hearing, *unless the court otherwise orders.* (emphasis supplied).

The fourth paragraph of Rule 22 states:

"The court need not hear any motion, or opposition thereto, grounded on facts, unless the facts are verified by affidavit, or are apparent upon the record and filed, or are agreed to and stated in writing signed by the attorneys for the parties interested."

This permits the court, not forbids it, to hear motions without affidavits. See *New Amsterdam Casualty Co. v. Estes,* 353 Mass. 90, 96 (1967).

■ "A motion to dismiss must be based upon matters appearing on the face of the record. *Zwick v. Goldberg,* 304 Mass. 66 (1939).

■ However, we, as did the trial justice and the parties, will examine the substance of the pleading and are not bound by its form, title, name or description. *Parks Shellac Co. v. Jones,* 265 Mass. 108 (1928); *Held v. Brandano,* 37 Mass. App. Dec. 184 (1967) and consider the true nature of the pleading as an answer in abatement.

■ Outside of the face of the record, the parties stipulated to two facts — (1). that the defendant is subject to G.L. c. 164, §§34 through 69 and is regulated by the Department of Public Utilities, and (2) the plaintiffs' actions are based on the defendant's abating the November billing for residential customers and not for the commercial customers. With these

municipally owned electric plants, their service prac-
facts added to the record, the defendant raises the
issue of the District Court not having jurisdiction
over each count of the plaintiffs' declaration—which
seeks reimbursement for the November bill paid by
each plaintiff based on an alleged discriminatory
practice.

There was no error.

The provisions of G.L. c. 164, §§34 through 69 give
to the Department of Public Utilities various regula-
tory powers over municipal light departments such
as the defendant. In *Holyoke Water Power Co. v.
City of Holyoke,* 349 Mass. 442 (1965) (where the
plaintiff claimed unreasonable discrimination in the
municipal power department offering price discounts
to certain users) the court, at pages 445 - 446 stated
that by the provisions of c. 164 "the department has
been given sufficient powers of supervision over
tices, and charges to make it appropriate for a person,
affected by practices of such a plant allegedly to be
discriminatory, to apply to the department for relief
in the first instance before seeking relief in the
courts".

Further "exhaustion of the possibilities of depart-
mental action should precede independent action in
the courts to prevent alleged discriminatory prac-
tices." ibid, p. 447. *Scottie Industries, Inc. v. Dono-
hoe, et al, Admin.,* Mass. App. Ct. Adv. Sh. (1973)
695, where the jurisdiction of the Superior Court
was challenged, cited by the plaintiffs, is distinguish-
able on its facts because in that case there was no
evidence that the supplier of electricity was regulated
by the Department of Public Utilities.

"In the absence of a statutory directive to the con-
trary, the administrative remedies should be exhausted
before resort to the courts." *Gordon v. Hardware
Mutual Casualty Co.,* 361 Mass. 582, 587 (1972).

**Report dismissed.**