## Town of Bellingham *vs.* Local 2071, International Association of Firefighters.

No. 04-P-1119.

Worcester. April 14, 2005. - September 6, 2005.

Present: Laurence, Kafker, & Mills, JJ.

*Joint Labor-Management Committee. Arbitration,* Appropriateness of judicial proceedings.

In a civil action brought under G. L. c. 150C, §§ 11 and 12, to challenge arbitration ordered by the joint labor-management committee (JLMC) pursuant to St. 1977, c. 730, § 1, as amended through St. 1987, c. 589, § 1, the judge erred in granting the defendant union's motion to dismiss on the ground that the appropriate judicial review process was pursuant to G. L. c. 30A, § 14, where the proper vehicle for seeking judicial review of JLMC-ordered arbitration was an action in the nature of certiorari pursuant to G. L. c. 249, § 4 [450-452]; because the plaintiff town, while having brought its complaint under the wrong statute, stated its substantive concerns with sufficient clarity, this court remanded the action to the Superior Court for further proceedings [452-453].

Civil action commenced in the Superior Court Department on January 22, 2004.

A motion to dismiss was heard by *Thomas P. Billings,* J.

*Albert R. Mason* for the plaintiff.

*Harold L. Lichten* for the defendant.

*Thomas F. Reilly,* Attorney General, & *John R. Hitt,* Assistant Attorney General, for Joint Labor-Management Committee, amicus curiae, submitted a brief.

Mills, J. In this case we determine the proper avenue of judicial review after arbitration ordered by the joint labor-management committee (JLMC). Local 2071, International Association of Firefighters (union), and the town of Bellingham (town) were directed to interest arbitration by the JLMC under St. 1977, c. 730, § 1, as amended through St. 1987, c. 589, § 1.

A panel of arbitrators decided that the town should be required to depart from its current ten and fourteen hour shift schedule and adopt a twenty-four hour shift.[1] Claiming invasion of managerial prerogative, and contending that the shift issue is nonarbitrable, the town commenced the present action, styled as a complaint to vacate or modify an arbitration award pursuant to G. L. c. 150C, §§ 11 and 12. A Superior Court judge allowed the union's motion to dismiss, ruling that the appropriate judicial review process was pursuant to G. L. c. 30A, rather than G. L. c. 150C. The town appeals.[2]

*Background.* 1. *Statutory framework.* Section 1 of St. 1977, c. 730 (act), created the JLMC by adding § 4A to St. 1973, c. 1078, § 2. The act has been amended since, the last material change (for present purposes) having been made by St. 1987, c. 589, § 1. As the Supreme Judicial Court has summarized:

> "Section 4A established a Joint Labor-Management Committee with responsibility for collective bargaining negotiations involving municipal police officers and firefighters. That committee may order disputes to be submitted to binding arbitration 'in accordance with the standards, provisions and limitations' of § 4 of St. 1973, c. 1078."

*Massachusetts Teachers Assn.* v. *Secretary of the Commonwealth*, 384 Mass. 209, 236 (1981).

The JLMC exists within the State Departments of Labor and Workforce Development,[3] but is not subject to its jurisdiction. See § 4A(1)(*a*)(i) of the act, as amended through St. 1987, c. 589, § 1.[4] With the apparent aim of avoiding strikes and other job actions in the public safety sector, § 4A invests the JLMC with exclusive jurisdiction and extraordinary dispute resolution powers in police officer and fire fighter labor disputes over which, in its discretion, it has assumed jurisdiction.[5] See § 4A(2), (3)(*a*). These powers include, once the JLMC has

---

[1]The panel also decided other issues (e.g., wages and clothing allowance) that are not questioned in this appeal.

[2]We acknowledge the amicus brief filed by the JLMC.

[3]Formerly known as the Executive Office of Labor.

[4]Hereinafter, we will refer to § 4A of the act as amended through St. 1987, c. 589, § 1, as "§ 4A."

[5]The parties may jointly or individually petition the JLMC for the exercise

determined that "there is an apparent exhaustion of the processes of collective bargaining which constitutes a potential threat to public welfare," the power to order the parties to "any form of arbitration" of "all or any issue in dispute." § 4A(3)(*a*). The power to order arbitration thus derives from the JLMC's governing statute, and not — as in a conventional labor or commercial dispute — from the parties' agreement to arbitrate.

Section 4A limits, to some degree, the issues that may be arbitrated. The limitations in § 4A(3)(*a*) are different with respect to police officer and fire fighter matters:

> "[T]he scope of arbitration in police matters shall be limited to wages, hours, and conditions of employment and shall not include the following matters of inherent managerial policy: the right to appoint, promote, assign, and transfer employees; and . . . the scope of arbitration in firefighter matters shall not include the right to appoint and promote employees. Assignments shall not be within the scope of arbitration; provided, however, that the subject matters of initial station assignment upon appointment or promotion shall be within the scope of arbitration. The subject matter of transfer shall not be . . . within the scope of arbitration, provided however, that the subject matters of relationship of seniority to transfers and disciplinary and punitive transfers shall be within the scope of arbitration. Notwithstanding any other provisions of this act to the contrary, no municipal employer shall be required to negotiate over subjects of minimum manning of shift coverage, with an employee organization representing municipal police officers and firefighters. Nothing in this section shall be construed to include within the scope of arbitration any matters not otherwise subject to collective bargaining under the provisions of [G. L. c. 150E]."

Section 4A(3)(*a*) also provides:

> "Any decision or determination resulting from the mechanism or procedures determined by the [JLMC] if supported by material and substantive evidence on the

---

of jurisdiction and for the determination of the apparent exhaustion of the process of collective bargaining. See § 4A(2)(*c*). The record does not indicate any petition in this case.

whole record shall be, subject to the approval by the legislative body of a funding request as set forth in this section, binding upon the public employer and employee organization, as set forth in [G. L. c. 150E], and may be enforced at the instance of either party or the [JLMC] in the superior court in equity . . . ."

Section 4A(4) states, "The provisions of [G. L. c. 30A], unless otherwise provided, shall apply to the [JLMC]."

2. *Facts and procedural background.* The town and the union were parties to a collective bargaining agreement covering the period July 1, 1999, to June 30, 2002. Negotiations for a successor agreement were unsuccessful. Among other issues, the parties could not agree on the union's request to introduce twenty-four hour shifts in place of ten and fourteen hour shifts. The JLMC exercised jurisdiction in the matter and ordered the parties to binding arbitration before a panel and certified the issues to be arbitrated, which included work schedules.

The town notified the JLMC and the arbitration panel that it did not consider the shift issue arbitrable as it was a core management right that came under the category of "assignments" of fire fighters, which was specifically excluded from the realm of issues arbitrable under the JLMC statute. The arbitration panel received documentary evidence and heard testimony from witnesses. The JLMC issued its arbitration award on December 29, 2003.

On January 22, 2004, the town filed a complaint in Superior Court, styled as a complaint to vacate or modify an arbitration award, relying on G. L. c. 150C, §§ 11 and 12, and asserting that the arbitration panel "exceeded [its] powers" or "awarded upon a matter not submitted to [it]" when it decided the twenty-four hour shift issue. Again taking the position that the determination of shifts is a core management right that is not arbitrable, the town argued that the arbitration award should be vacated or modified by removing the portion of the award relating to the shift issue. The town did not explicitly assert in its complaint that the JLMC improperly certified the issue of work schedules for arbitration, but rather that the arbitration panel lacked the authority to decide it. The town did not name the JLMC as a

defendant, did not serve the JLMC with the complaint, and has not made the JLMC a party to these proceedings.

The union moved to dismiss the complaint, and the judge, in his May 27, 2004, memorandum and order for judgment allowing the union's motion, characterized the town's complaint as "a frontal assault on the JLMC's order that 'work schedules' be arbitrated." He did not make a substantive determination as to the arbitrability of the shift issue. Instead, he concluded that the town's complaint should be dismissed because it was improperly brought under c. 150C, and that, considering the language of the act, the proper route to review was G. L. c. 30A, § 14. The judge also stated that "[p]lainly, the agency ought to be a party," and noted that "[h]ad the case been brought under Chapter 30A, the JLMC would be a party, and its administrative record would be before the Court."

As to c. 150C, the judge ruled that it applies only to "*agreements* to arbitrate, and to arbitrations carried out pursuant to such agreements," and that because the act "imposes arbitration on the parties to labor disputes having particular ramifications for public safety, irrespective of agreement," the arbitration in the case could not be considered to be pursuant to an agreement to arbitrate. Finally, noting that the thirty-day deadline for commencing an action under c. 30A, § 14(1), had passed, the judge ruled that the court had no jurisdiction to hear the case.

*Discussion.* The act contains no specific provision for judicial review of JLMC certification of issues for arbitration or of arbitration awards. The town argues that review is available under G. L. c. 150C, §§ 11 and 12. The union argues, and the Superior Court judge decided, that G. L. c. 30A, § 14, is the proper route for review. In an amicus brief, the JLMC argues that the proper avenue for appeal is an action in the nature of certiorari under G. L. c. 249, § 4. We hold that neither c. 150C nor c. 30A is applicable to arbitration ordered by the JLMC, and that c. 249, § 4, is.

By its express terms, c. 150C applies to agreements to arbitrate and to arbitrations carried out pursuant to such agreements. G. L. c. 150C § 1, inserted by St. 1959, c. 546, § 1 (stating that the chapter applies to "[a] written agreement or a provision in a written agreement between a labor organization

. . . and an employer . . . to submit to arbitration any existing controversy . . . between parties to the agreement"). The act, in contrast, imposes arbitration on the parties to labor disputes having particular ramifications for public safety, irrespective of agreement. The town's claim that it voluntarily agreed to arbitration on all issues except the twenty-four hour shift, within the meaning of an agreement to arbitrate under c. 150C, is unpersuasive. The town did not agree to arbitrate; it was ordered to do so by the JLMC pursuant to the JLMC's statutory power.[6]

The town cites two cases for the proposition that review of a JLMC arbitration award may be had through c. 150C. The first, *Marlborough Firefighters, Local 1714, I.A.F.F., AFL-CIO* v. *Marlborough*, 375 Mass. 593 (1978), was not decided under c. 150C, but rather under a special act; moreover, the underlying action in that case was commenced before § 4A was enacted and thus before the JLMC came into existence. The second, *Boston* v. *Boston Police Patrolmen's Assn.*, 48 Mass. App. Ct. 74 (1999), does not make clear how the matter came before the court for review, and unlike the instant action, the JLMC was made a party defendant. Neither case supports the town's position.

The judge reasoned, and the union argues, that c. 30A, § 14, is the proper route for review in this case because the act states that "[t]he provisions of [G. L. c. 30A], unless otherwise provided, shall apply to the [JLMC]." § 4A(4). The text of c. 30A, § 14, makes clear, however, that review under that section is only appropriate following an adjudicatory proceeding. The town's appeal in this case is not of an adjudicatory proceeding of the JLMC.[7] The JLMC made its determination of impasse in its role essentially as an investigatory fact finder. The JLMC's

---

[6]The town's argument in its motion for reconsideration that the provisions of c. 150C should apply because the parties reached an impasse under G. L. c. 150E, § 9, is unavailing. The act clearly states that c. 150E, § 9, applies to disputes involving fire fighters only "if the [JLMC] declines to exercise jurisdiction over the dispute or fails to act within thirty days of receipt of the petition on jurisdiction." § 4A(2)(*c*). Here, the JLMC exercised jurisdiction; thus, c. 150E, § 9, does not apply. Neither the issue nor the motion for reconsideration is before the court; therefore, we do not further discuss either.

[7]An adjudicatory proceeding is defined in G. L. c. 30A, § 1, inserted by St. 1954, c. 681, § 1, as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by

authority was both directed and limited for determination whether there existed "an apparent exhaustion of the processes of collective bargaining which constitutes a potential threat to public welfare." § 4A(3)(a). The JLMC's hearing was not a forum for determination of the "legal rights, duties or privileges" of either the town or union members. See *Collective Bargaining Reform Assn.* v. *Labor Relations Commn.*, 436 Mass. 197, 202-204 (2002).

The proper vehicle for seeking judicial review in this case is an action in the nature of certiorari pursuant to G. L. c. 249, § 4. Under that statute the standard of review may vary according to the "nature of the action for which review is sought." *Forsyth Sch. for Dental Hygienists* v. *Board of Registration in Dentistry*, 404 Mass. 211, 217 (1989). See *Police Commr. of Boston* v. *Personnel Administrator of the Dept. of Personnel Admin.*, 39 Mass. App. Ct. 360, 362 (1995), *S.C.*, 423 Mass. 1017 (1996) Applying that flexible standard in the JLMC context, the JLMC order referring a matter to arbitration should be reviewed for error of law, see *id.* at 363, while the substance of an arbitration award, if challenged, should be subject to review (under G. L. c. 249, § 4) under the standard set out in the act, i.e., to determine whether the award was "supported by material and substantive evidence on the whole record." § 4A(3)(a).

*Conclusion.* The town brought its complaint under the wrong statute, but did state, with sufficient clarity, its substantive concern with the shift issue. The judge dismissed the complaint upon an incorrect authority — quite understandably, inasmuch as the proper avenue for judicial review of an arbitration award by the JLMC, under a somewhat esoteric statute, had not been addressed by our appellate courts. Judicial resolution of the substantive shift issue is significant to the parties, and we are not inclined to foreclose that review, at this point, in these circumstances. See *Care & Protection of Manuel*, 428 Mass. 527, 532 (1998), citing *Lambley* v. *Kameny*, 43 Mass. App. Ct. 277, 280 (1997). "We have long held that pleadings are to be treated 'according to their nature and substance' rather than

constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing."

their technical form." *Commonwealth* v. *Preston*, 393 Mass. 318, 322-323 (1984), quoting from *Fabrizio* v. *U.S. Susuki Motor Corp.*, 362 Mass. 873, 873 (1972). See *Menage* v. *Rosenthal*, 187 Mass. 470, 473-474 (1905); *Essex Trust Co.* v. *Averill*, 321 Mass. 68, 70 (1947); *Kilroy* v. *O'Connor*, 324 Mass. 238, 239-240 (1949). Accordingly, we remand this action to the Superior Court for further proceedings consistent with G. L. c. 249, § 4, with instruction that the complaint be construed as an action pursuant to the certiorari statute, and that the town implead the JLMC as a party.

Among other issues to be resolved on remand is ripeness for certiorari review, in that an action under G. L. c. 249, § 4, does not become available until it is clear that there are no further possible proceedings before the JLMC. See *Reidy* v. *Acting Director of Civil Serv.*, 354 Mass. 760, 760 (1968). A unique feature of the act is that an arbitration award loses its binding nature without approval by the municipal legislative body of a request to fund such an award. See § 4A(3)(*a*). If a funding request is rejected, the act provides for return of the matter "to the parties for further bargaining." § 4A(3)(*a*). The record does not reflect whether the twenty-four-hour shift issue required funding and, if so, whether the Bellingham town meeting approved an appropriate funding request.

The judgment of dismissal is vacated and the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*