**Robin HOROWITZ, by her guardian, Martin HOROWITZ, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant.**

**No. 00–CV–799 (ADS).**

United States District Court, E.D. New York.

March 20, 2001.

Robert, Huber, Lerner & Bigler, Rockville Centre, NY (Charles Robert, of counsel), for Appellant Robin Horowitz.

Loretta E. Lynch, United States Attorney, Brooklyn, NY by Elliot Schachner, Asst. United States Attorney, for Appellees Kenneth Apfel.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case presents an appeal from a determination of the Social Security Commission dated December 7, 1999, finding the Plaintiff ineligible for Supplemental Security Income ("SSI") payments.

The Plaintiff suffers from cerebral palsy, a seizure disorder, blindness, and has an amputated left leg. On July 31, 1992, shortly before her 18th birthday, the Plaintiff applied for SSI benefits, stating that she did not have any bank accounts. The Plaintiff was initially found to be both disabled and eligible for benefits. However, on May 18, 1994, the Social Security Administration notified the Plaintiff that her SSI payments were being suspended because the Plaintiff was found to have resources in excess of $2,000, and was thus ineligible for benefits. 42 U.S.C. § 1382(a)(1)(B). The resources in question were funds totaling approximately $500,000 and were proceeds from the settlement of personal injury lawsuits by the Plaintiff. The various settlements had been approved by several state courts between 1992 and 1994, provided that they "remain on deposit until further order of this Court or until a Conservator is appointed for Robin Stacy Horowitz."

The Social Security Administration requested repayment of the $11,464 in benefits paid to the Plaintiff from September 1992 through June 1994. Upon an application by the Plaintiff for a hearing, on January 26, 1996, a Social Security ALJ determined that the Plaintiff was ineligible for benefits because of her resources. In addition, the ALJ held that the Plaintiff was required to repay the benefits previously received. The Plaintiff appealed, and on May 9, 1997, the Appeals Council held that it could not review the ALJ's decision because the case file had been inadvertently destroyed. The Appeals Council remanded the case to the ALJ for rehearing, and on June 21, 1999, the ALJ issued a new determination, finding that the Plaintiff was ineligible for benefits but reversing his earlier determination that the Plaintiff was obligated to repay the benefits she had received. On December 7, 1999, the Appeals Council denied review of the ALJ's

second decision, and thereby adopted it. This appeal by the Plaintiff followed.

On May 6, 1996, during the pendency of the appeals process, the New York Supreme Court, Suffolk County, granted a petition by the Plaintiff to establish a Supplemental Needs Trust, into which the settlement proceeds were deposited. On June 23, 1997, the Plaintiff reapplied for SSI benefits, and because property in a Supplemental Needs Trust is not considered in evaluating an applicant's resources, 42 U.S.C. § 1396p(d)(4)(a), the Plaintiff's application was granted. Accordingly, because the Plaintiff is not required to repay the benefits received from September 1992 through June 1994, and began receiving benefits again in June 1997, this appeal concerns only the Plaintiff's entitlement to benefits from June 1994 through June 1997.

The sole question to be decided on this appeal is whether funds on deposit in an applicant's name but subject to pre-withdrawal approval by a court constitute resources available to an applicant for purposes of determining eligibility under 42 U.S.C. § 1382(a)(1)(B). The Plaintiff did not submit papers in opposition to the Commissioner's motion for judgment on the pleadings, but provided extensive citation to authority in her complaint.

An aged, blind, or disabled individual "whose resources" do not exceed $2,000 is eligible for SSI benefits. 42 U.S.C. § 1382(a)(1)(B), (a)(3)(B). The criteria for determining an individual's "resources" are primarily set forth in Subpart $L$ of the regulations of the Social Security Administration dealing with SSI benefits. 20 C.F.R. § 416.1201 *et seq.* "Resources" are defined as "cash or other liquid assets or any real or personal property that an individual owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). "Liquid resources," in turn, are defined as "cash or other property which can be converted to cash within 20 days." 20 C.F.R. § 416.1201(b). On facts effectively identical to this case, the Second Circuit has determined that funds in an applicant's name that are disbursable only upon approval of the court constitute "resources" that may be considered in evaluating an applicant's eligibility for SSI benefits. *Frerks v. Shalala*, 52 F.3d 412, 414 (2d Cir.1995). In *Frerks*, the court stated:

> Frerks argues that the settlement funds were not available for his support and maintenance because he could not convert them into cash in hand absent a court order, the grant of which was beyond his control. Yet the fact that Frerks may neither draw on nor dispose of the funds at will does not negate the fact that the funds can be released and used for his support and maintenance as the need arises. We therefore find the ALJ's determination that Frerks had resources in excess of the statutory limits to be supported by substantial evidence.

52 F.3d at 414; *see also Cuomo v. Chater*, 1995 WL 479713 (E.D.N.Y.1995) (citing same).

While the Plaintiff cites *Frerks* in her complaint, she fails to offer an explanation as to why it should not be controlling in this matter. In addition, she erroneously relies on the Seventh Circuit's decision in *White ex. rel. Smith v. Apfel*, 167 F.3d 369 (7th Cir.1999), for the proposition that "funds in an account subject to the Order of a State Court Judge could not be presumed to be an available resource in rendering an SSI eligibility determination." In *White*, the plaintiff also had funds available in an account subject to the court's approval of any disbursement. 167 F.3d at 370. However, the court there had denied the plaintiff's guardian's only application for a disbursal of funds, and the

uncontradicted evidence in the record indicated that the plaintiff lacked the resources to seek a review of that denial, or to otherwise access the funds. 167 F.3d at 371–73. The court found that the plaintiff's guardian's difficulties in obtaining a release of the funds was sufficient to rebut the presumption that the funds were available, and held that he was eligible for benefits. *Id.* at 375.

Nothing in *White* contradicts the holding of *Frerks*. Indeed, the court in *White* expressly cites *Frerks* without commenting on the soundness of the Second Circuit's holding. 167 F.3d at 374. Given that the decision in *White* was clearly the result of a factual finding that the funds there were not available to the plaintiff because the court had refused to release them—a fact not alleged by the Plaintiff in this case—this Court is rejects the Plaintiff's argument that the result here should be controlled by *White,* and not *Frerks*.

The Plaintiff's complaint further belabors the factually distinguishable *White* case by attempting to relate it to a 1987 Executive Order issued by President Reagan regarding issues of federalism. E.O. 12612, 52 Fed.Reg. 41685 (Oct. 26, 1987); *Complaint,* ¶ 40 (*White* provided "the standard that should have been applied to the facts of [this] case based on President Reagan's Executive Order 12612 which stated the federal government's federalism policy.") The precise connection between the Executive Order, which makes no mention whatsoever of the Social Security Administration, SSI benefits, or court-supervised bank accounts, and the issues before the Court in this matter is decidedly unclear.

In any event, this Court is bound by the applicable law of the Second Circuit. Nothing in the record indicates that the Plaintiff was denied access by the courts to the funds; in fact, the Plaintiff's guardian testified before the ALJ that he had made several applications to the court to release funds for various purposes, including the Plaintiff's support and maintenance, and all of those applications were granted. Under these circumstances, the holding in *Frerks* is applicable and binding. The decision of the ALJ, adopted by the Appeal Council, is supported by substantial evidence in the record, and is consistent with the law of this circuit.

Accordingly, the decision of the Appeals Council is AFFIRMED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**