Robin HOROWITZ, by her Guardian, Martin Horowitz, Plaintiff–Appellant,

v.

JoAnne B. BARNHART, Commissioner

of Social Security,* Defendant–
Appellee.

Docket No. 01–6092.

United States Court of Appeals,
Second Circuit.

March 4, 2002.

Charles Robert, Kassoff, Robert, Lerner & Robert, LLP, Rockville Centre, NY, for Appellant.

Elliot M. Schachner, (Alan Vinegrad, United States Attorney for the Eastern District of New York, Varuni Nelson and Kathleen A. Mahoney, Assistant United States Attorneys, on the brief) Brooklyn, NY, for Appellee.

Present POOLER, SOTOMAYOR, Circuit Judges, and GARAUFIS, District Judge.**

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

---

\* On November 14, 2001, JoAnne B. Barnhart was sworn in as Commissioner of the Social Security Administration. Pursuant to Fed. R.Civ.P. 25(d)(1), she is automatically substituted as the defendant-appellee in this action. She replaces Kenneth Apfel.

\** The Honorable Nicholas A. Garaufis, United States District Court Judge for the Eastern District of New York, sitting by designation.

JUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Robin Horowitz, through her guardian Martin Horowitz, appeals from a March 20, 2001 decision of the United States District Court for the Eastern District of New York (Spatt, *J.*) upholding the determination by the Commissioner of Social Security ("Commissioner"). The Commissioner found Robin ineligible for Supplemental Social Security ("SSI") benefits from June 1994 through June 1997 because she had resources in excess of $2,000. For the reasons given below, we affirm.

Martin Horowitz ("Horowitz") filed an application on behalf of his daughter, Robin, for SSI benefits in July 1992. Robin Horowitz was found presumptively disabled due to cerebral palsy with mental retardation, blindness and other impairments. In the application, Horowitz stated Robin did not have any bank accounts. Robin was found eligible and began receiving SSI benefits in September 1992.

However, between 1992 and 1994, approximately $500,000 in funds from the settlement of several personal injury lawsuits brought by Horowitz on Robin's behalf were deposited in various bank accounts. Those funds were available only by state court order. The Social Security Administration ("SSA") learned of the bank accounts in 1993. In May 1994, SSA notified Robin that she was never eligible for SSI because her resources exceeded the income limit of $2,000. SSA sought $11,464 in overpayments.

Robin requested and received a hearing before a Social Security administrative law judge ("ALJ"). During the hearing, Horowitz testified he had received permission from state court to use the settlement funds for Robin's support and maintenance after her SSI benefits were withdrawn in 1994. The ALJ found Robin ineligible for benefits because of her available resources and ordered repayment. Robin requested the Appeals Council review the ALJ's decision. The case was remanded back to the ALJ for rehearing because the case file had been destroyed. After the rehearing, the ALJ again found Robin ineligible based on her resources, but waived recovery of the overpayment. On December 7, 1999, the Appeals Council denied Robin's request for review.

In 1993, Congress created Supplemental Needs Trusts ("SNT"). 42 U.S.C. § 1396p(d)(4)(A). "A supplemental needs trust is a 'discretionary trust established for the benefit of a person with severe and chronic or persistent disability' and is intended to provide for expenses that assistance programs such as Medicaid do not cover." *Sullivan v. County of Suffolk*, 174 F.3d 282, 284 (2d Cir.1999). A state court permitted the establishment of a SNT to shelter Robin's settlement proceeds in 1996. The court order establishing Robin's SNT did not permit the funds to be used for her maintenance and support, but rather to "supplement, rather than supplant government entitlements for which [she] is eligible." After her funds were placed in the SNT, Robin reapplied for SSI benefits in June 1997. As the SNT funds could not be used for Robin's support and maintenance, the SNT funds were not counted as resources for SSI purposes. Her application was granted, with benefits beginning in September 1997.

Robin Horowitz appealed the Commissioner's denial of benefits for the period of June 1994 through June 1997 to the district court. The Commissioner answered and moved for judgment on the pleadings

pursuant to Fed.R.Civ.P. 12(c). In granting the Commissioner's motion, the district court found the funds in Robin's bank accounts constituted resources and thus were properly considered. *Horowitz v. Apfel,* 143 F.Supp.2d 240 (E.D.N.Y.2001). This appeal followed.

■ When reviewing a district court decision regarding the Commissioner's determination of benefits eligibility, "we conduct a plenary review of the administrative record to determine if there is substantial evidence ... to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir.2000).

Aged, blind or disabled individuals "whose resources" do not exceed $2,000 are eligible for SSI benefits. 42 U.S.C. § 1382(a)(1)(B), (a)(3)(B). "Resources" are "cash or other liquid assets or any real or personal property that an individual owns" and "could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). Liquid resources include cash or other assets that may "be converted to cash within 20 days." 20 C.F.R. § 416.1201(b).

On appeal, appellant argues the district court erred in finding this case controlled by our prior holding in *Frerks v. Shalala,* 52 F.3d 412 (2d Cir.1995). Appellant also argues that under executive orders and Supreme Court precedent, the Social Security Commissioner may not disobey state court orders holding funds in trust for a disabled person by considering those funds resources. Finally, appellant appears to argue that the constitutional right to equal protection requires application of the Seventh Circuit's holding in *White v. Apfel,* 167 F.3d 369 (7th Cir.1999) to the case before us.

■ The district court correctly relied on our holding in *Frerks.* In *Frerks,* appellant was denied SSI benefits because he had excess resources, a determination upheld by the district court. *Id.* We affirmed, rejecting the argument that the funds were unavailable because they were held in trust and could not be converted into cash without a state court order. *Id.* Instead, we held "the fact that Frerks may neither draw on nor dispose of the funds at will does not negate the fact that the funds can be released and used for his support and maintenance as the need arises." *Id.* at 414.

Similarly, while Robin Horowitz's funds were accessible only by court order, the funds were available for her support and maintenance. The undisputed record reflects Robin had more than $2,000 available in bank accounts that her guardian was able to draw on, with court permission, for her support. Further, for substantially the reasons given by the district court, we find appellant's reliance on *White,* 167 F.3d at 369, inapt. Thus, the district court correctly upheld the Commissioner's decision to deny Robin SSI benefits for the period of June 1992 to June 1996.

We have examined the remainder of appellant's arguments and find them without merit.